## THE VILLAGE OF MORGAN PARK

*v.*

## PHILIP KNOPF, County Clerk, *et al.*

*Opinion filed June 23, 1904.*

1. FEES AND SALARIES—*duty of the county clerk to record certificate of purchase.* Under section 222 of the Revenue act it is the duty of the county clerk, when issuing a tax deed, to record the certificate of purchase upon which the deed is based, and he is entitled to the same fee therefor as for recording deeds.

2. SAME—*county clerk not required to acknowledge tax deed.* Under section 221 of the Revenue act, prescribing the form of a tax deed, the county clerk is not required to acknowledge the deed and can not lawfully charge fees therefor, in the absence of evidence that it was acknowledged at the request of the grantee.

3. SAME—*effect where certificate is attached to affidavit.* Attaching the certificate of purchase to the affidavit required by section 217 of the Revenue act does not avoid the necessity for having the certificate recorded by the county clerk.

4. SAME—*effect of amendment of 1903 to section 222 of the Revenue act.* The amendment of section 222 of the Revenue act, in 1903, (Laws of 1903, p. 299,) expressly requiring the county clerk to record certificates of purchase when issuing tax deeds, does no more than to expressly require the county clerk to do what it was his duty to do under a proper construction of that section before its amendment.

*Village of Morgan Park* v. *Knopf,* 111 Ill. App. 572, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. E. W. BURKE, Judge, presiding.

This is an action in assumpsit brought by the plaintiff, the village of Morgan Park, to recover alleged overcharges for official fees made by Philip Knopf, county clerk of Cook county, for services rendered in the issuance of tax deeds.

The facts upon which the plaintiff's claim is based are substantially as follows:   There being no other bidders, the village of Morgan Park, at the tax sales of 1896 and 1897 for delinquent special assessments, became the

purchaser of 1495 tax sale certificates, which were not subsequently redeemed and upon which the plaintiff in due time applied to the defendant for deeds. The notices and affidavits required by the statute were prepared by the village attorney, as agent for the village. For convenience, a separate affidavit was made as to the sale of each separate special assessment, and when the affidavits were presented to the county clerk for tax deeds on the sales of 1896, he insisted that he was entitled to charge the same fee of ten cents per hundred words for recording the tax sale certificates as for recording the affidavits. The deeds were issued and delivered to the village and the defendant rendered his bill for fees claimed to be due him therefor, which included not only a recording fee of eighty cents for each certificate of sale, but also a fee of ten cents per certificate for noting on the collector's warrant these sales, charged, as claimed, under authority of the last paragraph of section 56 of chapter 53 of Hurd's Statutes of 1901. The total bill under the sale of 1896 was $711.60 for recording the tax sale certificates, $15 for issuing deeds, $74.70 for noting tax sales on warrants, and $1.25 for acknowledging deed. On September 22, 1900, the plaintiff also presented to the defendant county clerk applications for tax deeds on the sales made to the village in the year 1897. There were eight affidavits, covering the same number of special assessments, and 748 tax sale certificates covered by the affidavits which were returned with them. For issuing the deeds under the sale of 1897 the defendant charged the sum of $716, as follows: For recording affidavits, $20.60; for recording sale certificates, $598.40; issuing deeds, $21; noting sales on warrants, $74.80; acknowledging deeds, $2. Subsequent to receiving these payments the county clerk consented to accept payment under a stipulation that it should not be deemed voluntary, but that the village should have the same right to recover illegal charges as if they had been paid before the deeds were

delivered.    This stipulation was made on December 17, 1900, and on the following day the present action was begun to recover the alleged illegal fees contained in the two charges mentioned.

ENOCH J. PRICE, for appellant.

JAMES H. WILKERSON, County Attorney, and WILLIAM F. STRUCKMANN, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Upon a trial before the court, without a jury, three propositions of law were submitted to the trial judge, as follows:

1. "The court finds and holds as a matter of law in this case, that it is not the duty of the county clerk to copy upon the records of his office, certificates of tax sales upon which he issues tax deeds, when the same are not referred to as exhibits or in any way made a part of the affidavit filed for the purpose of securing such deeds, and that he was not entitled to receive any fees for recording the tax certificates offered in evidence in this case.

2. "The court finds and holds as a matter of law in this case, that it is not the duty of the county clerk, in issuing tax deeds, to acknowledge the same, and that he has no right, under the statute, to charge or receive of the applicants for a tax deed any fee for acknowledging such deed, or any fee paid by him to a notary public or other officer for taking his acknowledgment to such deed.

3. "The court finds and holds as a matter of law, that the act approved June 3, 1897, and in force July 1, 1897, entitled 'An act to amend section 4 of an act to provide for fees of certain officers therein named in counties of the third class,' approved March 2, 1874, in force March 2, 1874, is invalid and void because it purports to be an amendment of said original section, when, as a matter of fact, said section 4 had been repealed, except as re-enacted in an act approved June 18, 1883, and in force

July 1, 1883, and on account of the invalidity of said act of 1897 the county clerk of Cook county is not entitled to charge or receive any fee for noting upon the collector's warrants tax sales subject to redemption."

These propositions were each marked refused, the court adding in the case of the two latter: "Expressing no opinion as to the law announced in this instruction, but because this charge was paid voluntarily."

Upon an appeal to the Appellate Court for the First District the judgment of the circuit court was affirmed, except as to the charge mentioned in proposition 2, to which the court applied the rule of *de minimis,* and gave appellant no benefit of the error except a reduction of $3.25 in the costs taxed against the village.

The errors assigned all depend upon the ruling of the trial court upon the propositions of law submitted to it. Considering them in their inverse order, the third has been disposed of by our former decision in the case when it was here before, reported in 199 Ill. 444. A writ of error issued by the plaintiff below was then dismissed for want of jurisdiction in this court and subsequently taken to the Appellate Court, from which this appeal is prosecuted. Upon the former consideration of the case we held that the question as to the validity of the statute mentioned in the third proposition was not properly before us, for the reason that there had been no ruling of the circuit court upon it which could be reviewed here, the trial court having refused the same, but expressly stated that no opinion was rendered as to the law therein announced because the charge therein specified was paid voluntarily, and the plaintiff had failed to insist upon a ruling on the proposition as one of law, nor had it preserved an exception to the refusal of the court to do so; also for the reason that no protest was made as to the payment of fees for noting tax sales, etc., the only objection to the bill rendered being to the charges for recording certificates of purchase. We find no reason

for changing the view then expressed, and that decision must control in passing upon the same question now.

We might also refuse to pass upon the second proposition for like reasons, but agree with the conclusion of the Appellate Court that the charges therein mentioned were improper. Section 221 of the Revenue act prescribes the form of a tax deed, and provides that the deed so made by the county clerk, under the official seal of his office, shall be recorded in the same manner as other conveyances of real estate, and shall vest in the grantee, his heirs and assigns, the title to the property therein described, without further acknowledgment or evidence of such conveyance. Under that section it was not necessary that the deeds should be acknowledged in order to become valid, and in the absence of evidence that they were acknowledged at the request of the holder of the certificates no fees could be lawfully charged therefor. We also agree that under the maxim *de minimis non curat lex* the error should not work a reversal of the judgment below.

The next and principal question raised in the case is as to the validity of the charge for recording the tax certificates upon which deeds were executed. It involves a consideration of several sections of the Revenue act as found in chapter 120. (3 Starr & Cur. Stat. p. 3391.) Upon the sale of property for delinquent taxes under the statute, a certificate of purchase must be issued by the county clerk to the purchaser, which, by section 207, "shall be assignable by endorsement, and assignment thereof shall vest in the assignee, or his legal representatives, all the right and title of the original purchaser." Between the date of the issuing of the certificate and the expiration of the time of redemption such certificate may be endorsed and held by different persons. If the property is not redeemed, the holder is entitled to a deed upon compliance with the requirements of the statute, but an applicant for a deed must first submit to the county

clerk evidence of his ownership of the certificate of purchase. Section 217 requires the purchaser or assignee, by himself or agent, to make an affidavit of compliance with all of the provisions of section 216 of the act, stating particularly the facts relied on, which affidavit shall be filed with the proper officer having the custody of the records, which shall be entered by such officer on the records of his office. The affidavit required by section 217 must show the facts relied upon by the holder to prove compliance with the provisions of section 216, and is evidence only of the facts stated in such affidavit.

If there were no other provisions than those of section 217, it would clearly be the duty of the county clerk to record on the records of his office the affidavit, which is made *prima facie* evidence of the notice set out therein; but before a deed can be legally issued the several provisions of sections 216, 217, 218 and 219 must also have been complied with, the latter of which (219) provides: "At any time after the expiration of two years from the date of sale of any real estate for taxes or special assessments, if the same shall not have been redeemed, the county clerk, on request, and on the production of the certificate of purchase, and upon complying with the three preceding sections, shall execute and deliver to the purchaser, or his heirs or assignees, a deed," etc. Section 222 makes it the duty of the county clerk to record the evidence upon which tax deeds are issued, and allows him the same fees therefor as are allowed for recording deeds. There is nothing required to be kept in the office of the county clerk from which it can be known who the owner of a certificate of purchase is, since by the express terms of the statute it is made assignable by endorsement. There is no presumption that the original purchaser remains the owner of it during the two years after the sale in which redemption may be made. The deed can only be issued to the legal holder of the certificate, possession of which, properly endorsed, being proof of such

ownership. It is the duty of the county clerk to require evidence to be presented to him showing ownership, and there is nothing required by the statute as to that evidence except the production of the certificate of purchase. Whatever evidence is presented to him on which he acts must be entered of record and preserved, not only for his own protection, but for that of all parties who have or may have an interest in the property. Section 217 requires the recording of certain evidence,— that is, the affidavit setting forth the facts relied upon to show the giving of proper notice. If section 222 does not refer to other evidence than that referred to in section 217, then that portion which requires the recording of the evidence upon which the deed is made is mere surplusage and adds nothing to the law. We are clearly of the opinion that section 219 makes the tax certificate such evidence, and therefore, under section 222, it was the duty of the county clerk to record the same. The rule must be the same whether the certificate has been assigned or not. Nor do we perceive that it can make any difference that it may have been attached to and made a part of the affidavit filed under section 217. It is not a necessary part of that affidavit, and is not, if attached thereto or made a part thereof, such a presentation thereof to the clerk as entitles the holder to a deed.

The last General Assembly amended section 222 so as to expressly require that the certificate of purchase shall be recorded, and it is insisted by counsel for appellant that this amendment should be given weight in determining the proper construction of the section prior to the amendment, and he says if it was the duty of the clerk to record the certificate before the amendment was passed, then the amendment was unnecessary, and hence the legislature did a useless act. We do not think the conclusion necessarily follows. The section, prior to the amendment, was subject to construction. It had never been passed upon by this court, and the legislature sim-

ply made that certain by express enactment which before might be thought open to construction. Officers whose duty it was to issue tax deeds and record the evidence upon which they were issued, might, under the former statute, have been in doubt as to their duty, and the legislature did no more than to remove that doubt by the amendment. The amendment did not, nor was it intended to, affect the construction proper to be placed upon the original section. But even if it could be said that the legislature construed the section prior to the amendment as not requiring the certificate to be recorded, that construction could have no binding force upon the court. We are clearly of the opinion that the statute, as amended, means no more than it did prior thereto.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*