MERRITT LANE, complainant-respondent,

*v.*

SAMUEL W. RUSHMORE and SIGMUND C. BERNSTEIN, defendants-appellants.

[Argued October 24th, 1939. Decided January 25th, 1940.]

*Mr. Samuel Kaufman,* for the complainant-respondent.

*Mr. Sigmund C. Bernstein,* for the defendants-appellants.

PER CURIAM.

This is an appeal from an order of the court of chancery advised by Vice-Chancellor Stein. The order was a final step in a proceeding instituted in the court of chancery by respondent against the appellants, in which proceeding the court of chancery permanently enjoined the appellants, defendants therein, from continuing with an action at law instituted in the supreme court of New Jersey, by appellant Rushmore against respondent. The final decree then entered reserved the matter of costs and counsel fees until the further order of the court. Defendants appealed to this court from the entire decree so entered and the decision of the court of chancery was affirmed. *Lane* v. *Rushmore, 125 N. J. Eq. 310.*

Appellants then applied to the supreme court of the United States for a writ of *certiorari* to review the decision of this court and this application was denied. *Lane* v. *Rushmore, 83 L. Ed. 1518.*

Proceedings were then had in the court of chancery, as a result of which there was entered the order from which this appeal was taken. Vice-Chancellor Stein filed a memorandum opinion in which he found, first, that the court of chancery had the power then to award costs and counsel fees because the decree which it had originally entered reserved these items and no objection was made to the reservation; secondly, because this decree had been affirmed and the record remitted to the court of chancery and that court therefore resumed jurisdiction over the cause of action and the parties.

The jurisdiction of the court of chancery to award counsel fees and costs to a successful litigant is statutory. *R. S. 2:29-131.*

"In any cause, matter or proceeding in the court of chancery, the chancellor may make such allowances by way of

counsel fees to the party obtaining the order or decree as shall seem to him to be reasonable and proper, and shall direct which of the parties shall pay such allowance; * * *."

Following this statute, it has been well settled that the allowance of counsel fees is within the sound discretion of the chancellor and will not be disturbed on review unless there is an abuse of the discretion. *Grunstra* v. *New-Ark Petroleum Corp., 111 N. J. Eq. 451* (at *p. 453*).

The appellants urge, however, that the court of chancery fell into error in awarding counsel fees to the solicitor of respondent because the court of law could have awarded to the respondent the same relief which this court held that he had properly obtained in the court of chancery. From this basis the appellants proceed to argue that the court of chancery therefore could not award counsel fees and costs to respondent. Nothwithstanding the decision of this court on the appeal from the final decree and the clear language in which that opinion was couched, the appellants continue to urge that "the law court was clothed with jurisdiction to afford to the respondent whatever remedies he was entitled to and in fact obtained from the chancery court."

This is of course not true. The opinion rendered by Mr. Justice Donges for this court holds in effect that the basis for the chancery court's jurisdiction was the fact that the suit at law was vexatious and that the remedy at law was inadequate.

It is true, as appellants say, that the decision of the court of errors and appeals did not hold that the law court was without jurisdiction, but the question of jurisdiction of the law court was never before this court. The problem presented was whether the respondent had a complete and adequate remedy at law. This court held that he had not and that, therefore, the chancery court had jurisdiction to grant him relief.

Decision in respondent's favor having been made, his solicitor was entitled to apply for the award of a proper counsel fee and costs against the appellants.

The question as to the amount of the counsel fee is not raised or argued. Our examination of the record fails to

show any abuse of discretion on the part of the vice-chancellor.

The order appealed from is therefore affirmed.

*For affirmance*—TRENCHARD, CASE, BODINE, DONGES, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.  9.

*For reversal*—THE CHIEF-JUSTICE, HEHER, PERSKIE, JJ. 3.