Walter Ready, Jr., Appellant, v. Charles Ready, Appellee.

Gen. No. 48,260.

First District, Third Division.
November 15, 1961.
Rehearing denied January 10, 1962.

Hugh M. Matchett, of Chicago, for appellant.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (David Parson, and Gordon H. S. Scott, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The Circuit Court of Cook County entered a judgment dismissing without prejudice a complaint in equity for an accounting and removal of a business manager of a testamentary trust, and for injunctive and other relief. After hearing, over the objection

of the plaintiff, the court, in addition to entering the judgment, assessed attorneys' fees and costs against the plaintiff in the sum of $6,687.05.

The case developed from a will made by Michael Ready, deceased. By its terms certain real property was devised to his wife, Emma V. Ready, trustee, in trust upon certain terms and conditions for the benefit of the said trustee and all of the descendants of Michael Ready. Michael Ready died on April 16, 1940 and left surviving him Emma V. Ready, his wife, and certain descendants. The real property which comprised the corpus of the trust consisted of 2,184 acres of farm land in Indiana. Following the death of Michael Ready the farms were operated by farmers who leased the farms upon certain terms agreed between them and the trustee with the advice and guidance of Walter Ready, Sr., a beneficiary. After the death of Walter Ready, Sr. the trustee appointed the defendant, Charles H. Ready, also a beneficiary, as business manager of the aforesaid trust estate, with the written consent of all the beneficiaries. After the termination of the farm leases Charles H. Ready retained and contracted with Farmcraft Service, Inc., of Oxford, Indiana, to take over the entire management and operation of all of the farms. Farmcraft Service, Inc. is a farm management organization engaged in the business of farm management, including the planting, harvesting and sale of farm crops and produce, and the feeding and sale of livestock.

On October 27, 1958 Walter Ready, Jr. filed a representative or class suit against Charles Ready on behalf of himself, the trustee and all other surviving beneficiaries except Charles Ready. An appearance, but no answer, was filed by the defendant to the complaint. Certain depositions were taken and the matter was heard at least four times before the trial judge. On January 15, 1960 defendant filed a written motion

148

asking that all of the plaintiffs except Walter Ready, Jr. and Emma V. Ready be dismissed from the suit, that plaintiff Emma V. Ready be ordered to appear for a deposition on January 20, 1960, that she should at that time produce certain documents, that Walter Ready, Jr. be ordered to appear for deposition on January 25th, and that he also should produce certain documents. On January 15, 1960 the court entered an order that all plaintiffs except Walter Ready, Jr. be dismissed from the suit and that all matters be set for final hearing on January 22nd.

The defendant in his brief states that the plaintiffs whom the court dismissed were dismissed on their separate affidavits seeking dismissal, and that the court dismissed the trustee on motion of her attorney. The order dismissing all plaintiffs from the suit except Walter Ready, Jr. was entered on the motion of the defendant, and it stated that all plaintiffs were represented by counsel. The record further indicates that the trustee was dismissed at her request. After this order was entered, the court, on January 27, 1960, entered an order that Emma V. Ready produce certain documents on February 2, 1960, and that the deposition of Walter Ready, Jr. be taken on February 18th. The plaintiff did not appear for the deposition, and on February 24, 1960 the defendant filed a motion to dismiss the action with prejudice, costs and attorneys' fees, or in the alternative for a rule on the plaintiff to appear and show cause why he should not be held in contempt for his failure to appear for the depositions. On March 4, 1960 the plaintiff made an oral motion to dismiss the action without prejudice and without costs and attorneys' fees. Under order of court both the plaintiff and defendant filed memoranda in support of their respective motions. Prior to the filing of the plaintiff's memorandum, he had substituted attorneys. On May 27, 1960 the plaintiff, as a

part of his answer to the defendant's memorandum, asked the court for leave, within a reasonable time, to file an amended complaint, and in the memorandum indicated that the amended complaint would only seek discovery and an accounting against the defendant. On June 1, 1960 plaintiff filed a motion requesting that the defendant be ordered to produce for examination "the original statements on the Michael Ready Trust Accounts Nos. 1 and 2 managed by Emma Ready as Trustee of the said Trust, at the Chicago City Bank and Trust Co. of Chicago, Illinois, together with all checks issued on these accounts since Emma Ready became trustee . . . and that he further furnish for the plaintiff's examination, originals or copies of the farm tenants' checks mentioned in annual reports prepared by Farmcraft, Inc., as farm manager and . . . any books or records indicating how depreciation factors are being handled in connection with the Trust affairs and the farms involved therewith." On the same date (June 1, 1960) the plaintiff moved to withdraw his oral motion to dismiss the cause and again asked for leave to file an amended complaint, and filed in support of his motion an affidavit of the plaintiff which set out that through an oversight of plaintiff's former attorneys he was not informed, until the day after, that records in connection with the trust had been available for his inspection the preceding day, and that access to those records was refused to him on the day after he first learned they were purported to have been available, and he further says that the action was brought for the sole purpose "of obtaining through the means provided by law, that which he feels is due him, and which he believes has not been obtained, namely, a true, accurate and complete accounting between the parties involved in said Trust, and particularly between the plaintiff and the defendant; that he has not been frivolous, has no in-

tention of attempting to impose upon this Court, or upon any litigant or person . . . ."

The trial court on June 1, 1960 entered two separate orders. In one, after reciting that the court had heard the motions of plaintiff and defendant, that the motion of the defendant to dismiss the complaint with prejudice and for defendant's attorneys' fees and costs had been considered, together with the briefs of both parties, and that the trustee was represented by counsel, it was ordered that the plaintiff's complaint be dismissed without prejudice and that the plaintiff pay to the defendant within thirty days the defendant's reasonable attorneys' fees in the amount of $6,036 and costs in the amount of $651.05. The court entered judgment for $6,687.05 against the plaintiff and for the defendant. The second order denied plaintiff's motion to withdraw his motion to dismiss the cause without prejudice and for leave to file an amended complaint, and the motion of the plaintiff for an order upon the defendant to produce certain bank statements and records was also denied. This appeal is taken by the plaintiff from those orders.

The plaintiff in his brief states that it is his theory that the complaint states a valid action for an accounting, the removal of the business manager, and for other equitable relief; that the action is not frivolous; that both his statements in his deposition under oath and his allegations in his verified complaint are true; that his statements in his deposition under oath are not inconsistent with his allegations in his verified complaint; that the court had no right to refuse the plaintiff the right to withdraw his motion to dismiss; that it had no right to assess the defendant's costs, expenses, and attorneys' fees against plaintiff; and that the court was not justified by section 41 of the Civil Practice Act in so doing.

151

The defendant contends that since plaintiff demanded only discovery and an accounting from the defendant, that demand could be based only on plaintiff's false charge that defendant had exclusive possession of the trust records and had concealed them from the plaintiff, and that since plaintiff had received annual accountings and reports of trust affairs and had access to the trust books and records, dismissal of his suit for a discovery and accounting was proper. The defendant further says: "Dismissal of this case would have been proper in any event because plaintiff as a beneficiary had no right to sue an agent of the trustee for an accounting; only the trustee had that right, if any basis existed." The defendant also states that the dismissal was not procedurally defective and that section 41 of the Civil Practice Act applied.

It seems to this court that the original legal problems involved in the instant case were very simple. The defendant in his brief raised the question that the plaintiff had no right to sue the defendant for an accounting or for a recovery of trust property since the defendant is an agent of the trustee. This it seems is the critical and crucial element in the case. The complaint filed by the plaintiff attempting to set up a class suit and indicating that he was bringing suit on behalf of the other beneficiaries and the trustee was improper. The right to sue in the ordinary case vests only in the trustee. Bogert, Trusts and Trustees, sec 870, vol 4, part 1, pp 457, 459.

Only a person occupying the position of trustee can be required to account as such. 35 ILP Trusts, sec 202. If the trustee refuses to bring the action after demand, or refuses to act, the beneficiary may bring an action making the third party and the trustee parties defendant. Bogert, Trusts and Trustees, vol 4, part 1, sec 870. The complaint in this case did not allege any demand on the trustee nor any refusal

152

on the part of the trustee to act. Nor were the facts set up in the bill such as would make the agent a trustee de son tort. See Lehmann v. Rothbarth, 111 Ill 185, 194–5. It would seem that defendant should have moved to dismiss the complaint at the very threshold of the suit and the motion should have been sustained. It does not seem to us that there was any necessity to take depositions or proceed any further with the cause. The trustee apparently by her own motion, or at least a motion in which all the parties acquiesced, obtained a court order by which she and all the other beneficiaries were dismissed out of the case. Certainly after such an order the court would have no right to proceed further with the suit. The motion of the defendant was a simple motion to dismiss the action with prejudice, costs and attorneys' fees, or in the alternative for the plaintiff to show cause why he should not be held in contempt for his failure to appear for a deposition under order of court. At the same time there was pending a motion made by the plaintiff to dismiss the action without prejudice and without costs and attorneys' fees. Plaintiff then filed a further motion seeking a withdrawal of the motion to dismiss and asking leave to file an amended complaint.

On June 1, 1960 the trial court entered the two orders from which this appeal is taken. The order dismissing the suit without prejudice does not indicate whether it sustained the plaintiff's motion to dismiss without prejudice or whether it sustained the motion of the defendant, modifying it to make the dismissal one without prejudice.

The practice of law in the final analysis is an art and it would seem that the work of both the trial and reviewing courts would be greatly eased if there was a greater adherence to a reasonable observance of the principles governing proper pleading. We have under

153

the Practice Act, as revised in 1955 (Ill Rev Stats, c 110), a provision (section 45) that objections to pleadings shall be made, where the defect appears on the face of the pleadings, by motion. Section 48 provides that this suit may be dismissed upon certain enumerated defects or defenses, among others, that the plaintiff does not have the legal capacity to sue, or that the defendant does not have the legal capacity to be sued; and if the defect does not appear on the face of the pleadings the motion shall be supported by affidavit. In section 45, subsection (5), it is provided that any party may move for judgment on the pleadings. Section 57 provides that either the plaintiff or defendant may, with or without supporting affidavits, move for a summary judgment for all or any part of the relief sought.

Our courts have departed from the old common law rules that where a party errs in seeking the relief under the proper section the court must find against him. Molner v. Cartenos, 415 Ill 172, 112 NE 2d 470. However, in spite of such leniency on the part of the court, it does not seem too much to require the party to indicate to the court the particular section of the statute upon which he relies. In the instant case, after the defendant had made a motion to dismiss the complaint with prejudice, he, under order of court, filed a memorandum in support of his motion, and in that memorandum he states that he relies on the fact that the trustee and all the other beneficiaries were dismissed from the suit upon a showing by their affidavits that they were satisfied that the defendant was performing his services properly and had not been guilty of any of the acts of misfeasance or malfeasance alleged by the plaintiff, and that the trustee was dismissed on her own separate petition and was not named as a defendant in the suit. He further alleges that

154

the plaintiff has admitted by deposition that the sworn allegations of the complaint were not true, and defendant also states that in the alternative his motion may be treated as a motion for summary judgment supported by the exhibits attached thereto. Neither in the trial court nor in this court does the defendant clearly indicate the section of the statute upon which he relies. This should have been done.

■ ■ There is no question in our opinion that the order of the court dismissing the suit was a proper order. The plaintiff argues that the court should not have dismissed the suit but merely have stricken the complaint and permitted the plaintiff to file an amended complaint. The plaintiff under order of court filed a memorandum answering defendant's motion to dismiss with prejudice. In that memorandum the plaintiff asks that he be permitted to file an amended complaint seeking discovery and an accounting from the defendant, and in support of his motions the plaintiff also files an affidavit in which he admits that the complaint before the court was not a proper complaint, and again states that he wants a discovery and accounting from the defendant. In none of the affidavits or motions presented before the court is there any indication that the plaintiff has abandoned his erroneous theory (as stated in his original complaint), that under the law it was the duty of the defendant to make full reports and true accountings to all of the plaintiffs of the management, direction and administration of the estate. The only duty imposed upon the defendant was to make an accounting to the trustee. The trial court has discretion with respect to the allowance of amendments to pleadings, and it is not prejudicial error to refuse amendment unless there has been a manifest abuse of this discretion on the part of the trial court. In Deasey v. City of Chicago, 412 Ill 151, 105 NE2d 727, the court says:

"Appellants presented no proposed amendment when they sought the court's permission to amend. They requested leave 'to amend their complaint for the purpose of making additional parties parties-complainant, and for other purposes.' In McFarland v. Claypool, 128 Ill 397, 21 NE 587, this court held that a motion for leave to file an amended plea is properly overruled when no plea is presented with the motion. The appellants' request to bring in additional parties through the amendment, and to amend for other purposes, could give the court no indication of the contents of the proposed amendment, and does not obligate it to allow amendment. (Dilcher v. Schorik, 207 Ill 528, 69 NE 807.) We have previously held that the court need not allow amendment unless the materiality of such an amendment is apparent. (Moneta v. Hoinacki, 394 Ill 47, 67 NE2d 204; McGlaughlin v. Pickerel, 381 Ill 574, 46 NE2d 368.) The appellants, in this motion for leave to amend, presented nothing to show the materiality of the proposed amendment."

The court further says:

"In the light of the decisions in the Griffin and other cases, there was ample precedent for the trial court's dismissing the complaint and refusing to permit appellants to amend their complaint. A court may consider the ultimate efficacy of a claim in passing upon a motion for leave to amend, or in considering a motion to dismiss. Applying the test that the court's discretion has not been abused if its decision promotes the ends of justice, the trial court here made no arbitrary ruling. Justice is not served by fruitless expenditure of time and effort by our courts, their officers and litigants."

156

■ It is apparent in the instant case the amended complaint proposed to be filed would add nothing to the original complaint. The court properly refused leave to amend. In our opinion the court under those circumstances could have properly entered an order to dismiss the suit with prejudice but it saw fit not to do so.

The only other question to be determined is whether or not under those circumstances the court could properly invoke the sanction of section 41 of the Practice Act and require the plaintiff to pay attorneys' fees.

■ Apparently the plaintiff is more disturbed by the order of the court assessing attorneys' fees against him than by the dismissal of the case. Section 41 of the Civil Practice Act provides:

> "Allegations and denials, made without reasonable cause and not in good faith and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

The statute is in derogation of the common law, but at the same time it is a remedial statute. Kansas City Southern Ry. Co. v. Mark, 80 SW 579 (Ark); State v. Morse, 138 NE2d 660, 666, 165 Ohio St 599.

■ ■ "In the absence of a valid and applicable statute, agreement, or stipulation expressly authorizing the allowance or taxation of attorney's fees as costs, they are not allowable or taxable as costs . . . ." The court may properly allow costs ". . . where a suit charging fraud and misconduct is vexatious and oppressive and without any basis . . . ." 20 CJS Costs, sec 218a. Under an applicable statute so providing, attorneys' fees may be taxed as costs where the de-

157

fendant has acted in bad faith, or has been stubbornly litigious, or has caused plaintiff unnecessary expense. 20 CJS Costs, sec 218a. Section 218c states:

> "Under a few state statutes, there exists a right to an attorney's fee where there is a trial, or a trial before a jury; and under the federal statute, 28 USCA § 572, a docket fee is taxable and allowable to attorneys on a final trial before a jury or on a final hearing in equity or admiralty . . . . There is considerable difference of opinion as to what constitutes a final hearing within the latter statute, some decisions holding that any order or determination resulting in a final disposition of the cause is a final hearing, and others holding that there is a final hearing only when some question of law or of fact has been submitted to the court requiring not formal action merely but consideration, that is, the submission of it to the court in such shape as the parties choose to give it, with a view to a determination whether plaintiff or libelant has made out the case stated by him in his bill or libel, on the ground for the permanent relief which his pleading seeks, and on such proof as the parties place before the court."

In Hammond, Snyder & Co. v. American Express Co., 68 A 496 (Md), the court considered the allowance by the trial court of attorney's fees under a statute providing as follows: "If the defendant shall dispute the whole or any part of the plaintiff's demand . . . and upon trial of the case the plaintiff shall recover a judgment for any portion of his demand so disputed, then the plaintiff shall be allowed (in addition to the costs of the suit), reasonable counsel fees, (to be fixed by the court . . .)." The court says:

> "We see no error in the allowance of this fee. No issue of fact was made up and heard in the case, it is true; but the real controversy between

the parties was disposed of upon the issues of law made by the demurrers which were argued by counsel and determined by the court. The fact that at the end of the proceedings the defendants withdrew their pleas, and allowed judgment by default to go against them, did not deprive the case of its controversial character. The defendants disputed the plaintiff's claim, and forced its counsel to try the issues arising from the dispute. It is not material that the pleadings resulted in issues of law upon which the defendants elected to make their final stand in the court below. There was in our opinion a 'trial of the case' within the meaning of the law."

Under the same statute, in Cornblatt v. Bloch, 103 A 137 (Md), the court lays down the same rule, and while in that case no pleas were filed but the defendant did file a demurrer to the declaration and resisted plaintiff's motion for a judgment by default, and where affidavits were filed by the parties and counsel and the case was argued by counsel, the court held that under the reasoning in the previous cases there was a "trial of the case" within the meaning of the section. ▇▇ The word "trial" is used in many different senses. As used in the statute we think it means a judicial examination of issues between the parties, whether they be issues of law or of fact. Cherniak v. Prudential Ins. Co. of America, 14 A2d 334, 339 Pa 73. The allowance of counsel fees by the court under the statute and the facts before us was discretionary. Goldberg v. Yeskel, 19 A2d 788, 129 NJ Eq 410; Lane v. Rushmore, 11 A2d 91, 127 NJ Eq 23.

In Gazan v. Vadsco Sales Corp., 6 F Supp 568, the court holds that where an action was brought without any basis and was vexatious and oppressive the court may allow attorney's fees as costs, and in its opinion uses the following apt and picturesque language:

159

"Plaintiff in bringing this action has been engaged in a fishing expedition in waters in which he was not familiar as he testified he had not even read the complaint, did not know its contents, or anything about the facts alleged. Every fisherman, including novices, realizes that anyone who contemplates a fishing trip must be prepared to pay the expenses. While the expenses of the defendant largely exceed the sum of $5,000 paid for its counsel in defending this unfounded action, the plaintiff will not be charged with that sum, but he should at least pay for the bait, which is fixed at $2,000."

In Adams v. Silfen, 342 Ill App 415, 96 NE2d 628, an appeal was taken from an order of the trial court assessing as costs against the defendant certain expenses arising out of a trial and appeal of a suit for accounting and dissolution of a partnership. The order included the sum of $2,500 for attorney's fees. The Appellate Court considered the allowance made by the trial court for attorney's fees and for printing of the Appellate Court brief in the former appeal. In its opinion the court points out that at common law costs were not recoverable and that they can now only be imposed and recovered where authorized by statute. It further states that if the items are recoverable at all they must be under the provisions of section 41 of the Civil Practice Act, which in substance is the same as the present Act, except that there was no provision made for an allowance for attorney's fees. The court says: "The reasonableness, or otherwise, of expenses is a matter of proof, particularly where the question of attorney's fees is involved. . . . Furthermore, the statute provides that such costs should be taxed by the court at the trial. The purpose of this, obviously, is that where it appears to the judge who has heard the cause on its merits that allegations or

denials in pleadings were made without reasonable cause and not in good faith, he may without delay act upon his findings; provided, however, that an opportunity to be heard be afforded to the party to be charged." In the Adams case the allowance was made long after the trial, ex parte, by a judge other than the trial judge. In that case the Appellate Court holds that the question of bad faith on the part of the pleader was not properly presented to the trial court, nor was any opportunity to be heard given to the defendant. It should be noted that the court, without the aid of statute, seriously considered the allowance of attorney's fees. The court does not define "trial" as used in the statute. In volume 29, Chicago Kent L Rev, p 277, there is a comment on this case. The commentator states, referring to section 41: "The utility of the provision would seem to be a matter of some doubt unless it could be said to possess some prophylactic value from its mere presence on the statute book." See 6 Univ of Chicago L Rev, p 359 et seq.

The trial court on the motion of the defendant included in the transcript of the record filed in this court certain depositions of Walter Ready, Jr. We must assume that those depositions either were attached to the petition or were considered by the court, and the statements made by the court during the hearing so indicated. From those depositions it is evident that most of the allegations made in the complaint were untrue. The order made by the trial court allowing attorneys' fees was an exercise of its sound discretion under the statute.

Section 41 is an attempt of the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden upon his opponent to expend money for an attorney to make a defense against an untenable suit. The failure of the courts to apply the

sanction provided in this section of the Practice Act has been frequently criticized by writers in the various law reviews.

One of the purposes of section 41 is to prevent litigants being subjected to harassment by the bringing of actions against them which in their nature are vexatious, based upon false statements, or brought without any legal foundation. If the court should hold that such suits could be brought one after the other and if the plaintiff dismissed his suit or suffered an involuntary nonsuit before trial the sanction of section 41 would not apply, it would nullify the purpose of the statute.

In the instant case no question was raised in the trial court as to the amount of the attorneys' fees allowed, and in oral argument before our court counsel for the plaintiff stated that the only question for us to consider was whether any fees should have been allowed and that he was making no objection to the amount of the fees. Consequently we do not make any finding on whether the fees in a proper amount were allowed by the trial judge.

The judgment and order of the Circuit Court are affirmed.

Affirmed.

DEMPSEY and SCHWARTZ, JJ., concur.