PETER S. SARELAS, Plaintiff-Appellant, Cross-Appellee, *v.* WILLIAM H. ALEXANDER *et al.,* Defendants-Appellees, Cross-Appellants.

(No. 53391;

First District—April 23, 1971.

Peter S. Sarelas, *pro se.*

Ashcraft & Ashcraft, of Chicago, (William H. Alexander and Paul P. Didzerekis, of counsel,) for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is a libel action. Plaintiff appeals from orders denying his motion for summary judgment, denying his motion for relief under Section 41 of the Civil Practice Act, denying his motion for an order holding defendant Alexander in contempt of court, dismissing his complaint, and denying his motion for rehearing. Defendants cross-appeal from the denial of their motion for attorney's fees under Section 41 of the Civil Practice Act.

Plaintiff's primary contention is that defendants' preparation and presentation of a certain document in court constituted actionable libel. The document in issue was prepared and placed before a Judge of the Circuit Court by defendants in connection with an action then pending in that court. The portions of the document of which plaintiff complains and which he states refer to himself include the following:

"That the foregoing and numerous other careless, frivolous and impertinent statements of plaintiff in pleadings, motions and other documents on file and in open court constitute a design that is without reasonable cause in the circumstances, not in good faith, and are untrue in some instances, have imposed upon the court as well as defendants, have occasioned unnecessary expense, and are actions tantamount to contempt of this court.

That the above and foregoing is but one of a number of similar suits by plaintiff which with the instant action by him indicate a flaunting of the purposes of the courts and the acts and rules governing rights of action."

Plaintiff filed the instant complaint on September 29, 1967. On March 14, 1968, after hearings on the defense motions the following order was entered by the court:

"THE COURT FINDS that the document complained of in the complaint was an affidavit submitted to the court in the case of *Peter S. Sarelas vs. The Law Bulletin Publishing Company, et al.* No. 67 L 6297, in the Circuit Court of Cook County, Law Division, and as such was a document relevant and pertinent to a judicial proceeding and therefore absolutely and unconditionally privileged; that this affidavit was submitted to a judge of this court in the course of such judicial proceeding on August 15, 1967, was stamped by the Clerk of this court on said date, and made part of the records of this court on that date, but was not formally 'filed' until an order granting leave to file was entered on October 5, 1967.

IT IS THEREFORE ORDERED:

1. That the complaint of plaintiff be and hereby is dismissed with prejudice and that plaintiff take nothing by this action and that defendants go hence without day;

2. That plaintiff's motion for summary judgment be and hereby is denied;

3. That without hearing or argument the motions of the parties for relief under Section 41 of the Civil Practice Act be and hereby are denied;

4. That the motion of plaintiff for an order holding WILLIAM H. ALEXANDER in contempt of court be and hereby is denied."

The order of March 14 was amended on the motion of defendants on April 4, 1968, by the following order:

"IT IS THEREFORE ORDERED that the order of March 14, 1968 should be amended, *nunc pro tunc*, by striking the following words from paragraph 2 thereof:

'* * * was stamped by the clerk of this court on said date, and made part of the records of this court on that date * * *'"

Plaintiff appeals from these orders and a subsequent order entered May 29, 1968, denying a rehearing.

On appeal plaintiff argues that the trial court committed error in:

(1) finding that the subject document was privileged;

(2) granting defendants' motion to dismiss the complaint and thereby denying plaintiff a jury trial;

(3) denying plaintiff's motion for an order holding defendant William H. Alexander in contempt of court;

(4) denying plaintiff's motion for rehearing;

(5) denying plaintiff's motion for relief under par. 41 of the Civil Practice Act;

and that this court erred in:

(6) permitting the filing of a supplemental record.

We first consider plaintiff's contention that the trial court erred in its finding that the subject document was privileged. The document was prepared by defendant Alexander in his capacity as defense counsel in an action before the Circuit Court of Cook County. (See *Sarelas v. Law Bulletin Publishing, et al.* (1969), 115 Ill.App.2d 205.) The defendants in that suit were the Law Bulletin Publishing Company and the instant defendants, Lanning MacFarland, Jr. and Joseph G. Stadelman, Jr. The plaintiff was the instant plaintiff, Peter S. Sarelas. The document, captioned "Affidavit," was presented to Circuit Judge Albert E. Hallet on August 15, 1967, in support of a defense motion for relief under Sections 41 and 57 (5) of the Civil Practice Act for which defendants moved for

leave to file. The five page document included a recital that it was sworn to by defendant Alexander. It was, however, not signed and not notarized. Judge Hallet directed that Plaintiff be given a copy of the motion and set hearing on defendants' motion for leave to file said motion for October 3, 1967. Leave to file was granted and the motion and a signed affidavit were filed instanter on October 5, 1967. The motion for relief was denied by the court on that same day. Meanwhile, plaintiff filed the instant complaint on September 29, 1967.

■■ Plaintiff contends that the document in issue could not have been "filed" on either August 15th or October 5, 1967, because the trial court had entered final judgment in the suit on June 29th more than 30 days prior to August 15th and thus was without jurisdiction. Plaintiff fails to note, however, that on July 29th he filed a motion for rehearing. (See *Sarelas v. Law Bulletin Pub. Co.*, 115 Ill.App.2d 205, 227.) Under Ill. Rev. Stat. 1967, ch. 110, par. 68.3(2), a new jurisdictional period of 30 days would not begin to run until the court disposed of his motion. There is thus no merit in this contention.

■■ Plaintiff also emphasizes the formal defects in the purported affidavit, including its lack of a signature, date and jurat. We believe that the controlling principles are stated in *Harrell v. Summers* (1961), 32 Ill.App.2d 358 at 361:

"It has long been the recognized rule of law that whatever is said or written in a legal proceeding which is pertinent and material to the matters in controversy, is privileged, and no action of slander or libel can be maintained thereon. The defamatory words must, necessarily, however be connected with or relative to the cause in hand or the subject of inquiry to be privileged, but all doubts are resolved in favor or [sic] relevancy or pertinency."

■■ We believe that the failure of the document to meet certain formal requirements of an affidavit did not deprive it of its privileged status. As the decision in *Harrell v. Summers, supra,* states, the requirements for application of the privilege are pertinency and materiality. Formal and technical requirements do not have a place here.

■■ The fact that the document in question had only been presented to the Judge and not yet "filed" by the Clerk when this suit was commenced is of no consequence. It could not be otherwise, or the privilege would never attach to any document, pleading or otherwise, for the filing of which a party must first obtain leave of court.

We conclude that the document in issue was properly found by the Circuit Court to be privileged.

Plaintiff's second contention is that error was committed in the dismissal of his complaint and that he was thereby improperly denied his

right to a jury trial. Plaintiff's argument in support of this contention is that defendants' motion to dismiss consisted of conclusions only, and thus did not comply with Section 45 (1) and (2) of the Civil Practice Act. Section 45 (1) and (2) state as follows:

"§ 45. Motions with respect to pleadings. (1) All objections to pleadings shall be raised by motion. The motion shall point out specifically the defects complained of, and shall ask for appropriate relief, such as: that a pleading or portion thereof be stricken because substantially insufficient in law, or that the action be dismissed,  *  *  *.

(2) If a pleading or a division thereof is objected to by a motion to dismiss or for judgment or to strike out the pleading, because it is substantially insufficient in law, the motion must specify wherein the pleading or division thereof is insufficient. (Ill. Rev. Stat. 1967, ch. 110, § 45 (1) (2).)

Defendants' motion to dismiss is as follows:

Now comes the defendants  *  *  *  and move this Honorable Court that the Complaint of Plaintiff be dismissed, for the reason that it is substantially insufficient in law, in that the allegations are largely conclusions and the facts stated show that the writing referred to, being a document filed in a legal proceeding, is, as a matter of law privileged."

■■ We believe that defendants' motion adequately specified the defect of plaintiff's complaint within the requirements of Section 45. Plaintiff's complaint was therefore properly dismissed.

■■ Plaintiff's third and fourth points on appeal are that the court erred in denying his motions to hold defendant Alexander in contempt of court and to grant plaintiff a rehearing. Careful study of plaintiff's lengthy brief reveals that plaintiff has wholly failed to cite supporting authorities or to argue these points. We therefore consider them to be waived under Supreme Court Rule 341 (e) (7). Ill. Rev. Stat. 1967, ch. 110A, par. 341 (e) (7).

We now turn to plaintiff's contention that the court erred in denying him relief under Section 41 of the Civil Practice Act. Section 41 states as follows:

"§ 41. Untrue Statements. Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial." Ill. Rev. Stat. 1967, ch. 110, § 41.

Plaintiff's motion is based upon an affidavit of defendant Alexander which was filed in support of defendant's motion to dismiss the com-

plaint and which stated that the document in issue in this suit was "filed" in the suit of *Sarelas v. Law Bulletin Publishing Company*, above. In our consideration of plaintiff's first point on appeal we examined the plaintiff's contention that the document was not filed because the Circuit Court had lost jurisdiction. Plaintiff's argument was found to be without merit. Plaintiff's motion for relief under Section 41 is based upon the same argument and is similarly lacking in merit. The court did not err in denying plaintiff's motion on the basis of the documents before the court and without further hearing.

Plaintiff's final contention is that this court erred in permitting defendant to file a supplemental record. Plaintiff's notice of appeal was filed on June 27, 1968. Defendants' notice of cross-appeal was filed on July 2nd. Plaintiff filed his record on August 28th. On February 24, 1969, defendants filed in the Appellate Court a motion requesting permission to file a supplemental record for the reason that the record filed by plaintiff did not accurately and completely reflect the proceedings in the Circuit Court. We granted defendants' motion. Plaintiff argues that the filing of the supplemental record was in violation of the time limits imposed by Supreme Court Rule 323. The answer to plaintiff's contention is that the supplemental record was filed pursuant to Supreme Court Rule 329. That rule, in part, states:

"* * * Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court * * * If the record is insufficient to present fully and fairly the questions involved, the requisite portions may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted." Ill. Rev. Stat. 1967, ch. 110A, § 329.

Thus defendants' supplemental record is properly a part of the record before this Court.

## CROSS-APPEAL

Defendants' cross-appeal is from the trial court's order denying defendants' motion for relief under Section 41 of the Civil Practice Act. Defendants' motion was filed with their motion to dismiss and consists of the following:

"Defendants further move this Honorable Court to assess attorneys fees, costs and expenses against the plaintiff in favor of the defendants pursuant to Section 41 of the Civil Practice Act."

■■ Defendants' motion failed to specify or in any way indicate what allegations of plaintiff's complaint were the basis of the request for relief. On the contrary, on defendants' only pleading, the allegations of

fact in the complaint were to be taken as true. Thus when the court granted defendants' motion to dismiss, the truthfulness and good faith of the allegations in the complaint were of no consequence, since they did not state a cause of action. And when the court turned to defendants' motion for Section 41 relief it was completely uninformed as to the specific allegations in plaintiff's complaint which it was asked to find within the provisions of Section 41 as having been untrue and filed in bad faith.

■■ See *Hearst Corporation v. Associated Trade Press, Inc.* (1968), 98 Ill.App.2d 360, in which this Court held that Section 41 may be invoked only in cases falling strictly within its terms—allegations in pleadings "made without reasonable cause and not in good faith, and found to be untrue." After reviewing the decisions involving Section 41, the court rejected the contention (which is apparently the theory of the instant cross-appeal) that this Section was somehow obliquely meant "to prevent harassment by bringing actions which are vexatious or without legal foundation, or the pleading of frivolous matter." We agree, and believe that the righting of the serious wrongs complained of by defendants must find its sanctions elsewhere than in Section 41 of the Civil Practice Act. We conclude that the trial court did not err in refusing defendants an evidentiary hearing on their motion.

The judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J., and DRUCKER, J., concur.