*In re* APPLICATION OF COOK COUNTY COLLECTOR (Bernard Allen Fried, Cook County Collector, Petitioner-Appellant, v. Nàhum Rosario, Objector-Appellee).

First District (4th Division)   No. 85—2948

Opinion filed May 8, 1986.—Rehearing denied June 26, 1986.

Philip L. Radmer and Richard L. Hoffman, both of Chicago, for appellant.

James R. Platt, of Chicago, for appellee.

PRESIDING JUSTICE LINN delivered the opinion of the court:

Petitioner Bernard Allen Fried, appeals from an award of attorney fees and expenses to the objector, Nahum Rosario, under section

2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). Petitioner contends that the award was inappropriate and excessive.

BACKGROUND

On September 19, 1975, Dusan Stevanovich and his wife, Jovanka Stevanovich, acquired the property located at 3901 West North Avenue, Chicago. On October 23, 1978, Dusan Stevanovich, by a quitclaim deed, conveyed his interest in the property to Momir Matich. His wife did not execute the quitclaim deed. On June 20, 1983, petitioner purchased the property for $425 at a scavenger sale for nonpayment of $11,095.01 in real estate taxes and received a certificate of purchase evidencing the sale (Year 1983 Certificate No. 4101). Prior to the sale, several liens and memoranda of judgments had been filed against the property. The sale was confirmed on August 9, 1983.

On September 12, 1983, Dusan Stevanovich and Jovanka Stevanovich entered into a contract to sell the property to the objector for $30,000. On October 24, 1983, petitioner extended the period of redemption from December 20, 1983, to June 8, 1984. Petitioner filed his petition for deed either on February 28, 1984, or March 9, 1984.[1] On or about March 7, 1984, Dusan Stevanovich met with Ed Sanchez, a real estate salesman, the objector and his attorney and stated that he had paid $5,000 to petitioner for a deed to the property which would be forthcoming after the redemption period terminated. Stevanovich showed to them a receipt for $5,000 signed by petitioner. The record reflects that on March 7, 1984, petitioner assigned his certificate of purchase to Sladjan Stevanovich, the son of Dusan and Jovanka Stevanovich. On the same date, petitioner extended the period of redemption to July 20, 1984. On July 31, 1984, the objector's attorney spoke with Jovanka Stevanovich on the telephone and asked her if she had paid $5,000 to petitioner for the deed to 3901 West North Avenue. She replied, "Oh! More than that."

On August 2, 1984, petitioner filed his application for an order directing the county clerk to issue a tax deed. In paragraph one of his affidavit in support of the application, petitioner averred that he was "duly authorized to make this Affidavit." Petitioner, however, re-

---

[1]The petition for deed was not time-stamped. The petition, however, indicated that the period of redemption would expire on June 20, 1984. The letter extending the period of redemption from July 8, 1984, to July 20, 1984, was dated March 7, 1984. The certificate of purchase accompanying the petition was time-stamped 10:10 a.m. on February 28, 1984, and was assigned a tax-deed number. The certificate of mailing and the statutory notice were time-stamped 1:18 p.m., March 9, 1984.

quested issuance of a tax deed conveying the parcel of real estate to himself, not his assignee, and left blank that part of the affidavit form on which the assignment should have been indicated. Petitioner did not disclose the assignment in his application nor did he indicate that he was acting in a representative capacity.

On August 7, 1984, the objector was given leave to file his objections to petitioner's application for the issuance of a tax deed. His objections were filed on August 31, 1984. Amended objections were filed on November 7, 1984, setting for the facts discussed above. Petitioner did not file an answer. Although petitioner filed a motion to strike and dismiss the amended objections (apparently on the ground that objector lacked standing), that motion has not been included in the record on appeal.

On January 22, 1985, the objector filed a motion to strike petitioner's application for the issuance of a tax deed and to invalidate the sale of the property under the scavenger act. At the hearing on this motion, counsel for petitioner informed the court that he also represented Sladjan Stevanovich. On February 14, 1985, the court denied petitioner's motion to strike and dismiss the amended objections and allowed the objector's motion to deny and strike petitioner's petition and application for issuance of a tax deed. (It is not clear whether there was another hearing on February 14, 1985.) The court found:

> "The series of transactions in this case clearly show an intent to circumvent the statutory bar of Illinois Revised Statutes, Chapter 120, Section 716a, which prohibits title owners or their agents from bidding for their property in a scavenger sale. Although it is likely that an affidavit required by Section 716a may have been executed and delivered to the County Clerk prior to the sale of the Certificate of Purchase, the Legislature clearly intended that a delinquent taxpayer [may] not benefit from the nonpayment of his taxes."

On March 15, 1985, the objector filed a motion for attorney fees and expenses under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). Petitioner filed a response denying that there were any untrue statements in his application for issuance of a tax deed and asserting that section 2—611 does not apply to motions to dismiss. The response did not question the reasonableness of the fees sought in the motion.

Argument on the motion was heard on May 20, 1985. The court found that petitioner's affidavit in support of his application for issuance of a tax deed implied that the certificate of purchase had not been sold, assigned or transferred, thereby suggesting that petitioner was

the owner of the certificate at the time he filed his application. Although prior to the hearing counsel for petitioner had obtained voluminous documents from the objector's counsel relating to the motion for fees, he declined the court's offer to continue the case to respond further in writing and simply characterized the statement of time and services in the motion as "ridiculous."

On July 2, 1985, the court ordered petitioner to pay $9,325 in attorney fees and $484.30 in expenses to the objector. On August 1, 1985, petitioner filed a motion to vacate the order entered on July 2, 1985. Petitioner disputed both the award and the amount of fees. Argument was heard on August 26, 1985. On September 11, 1985, the court denied the motion to vacate and requested counsel for the objector to submit an itemization for his fees for five days listed in the motion for fees. A supplemental itemization was filed on September 20, 1985. A brief hearing was conducted on October 1, 1985. At that hearing, counsel for petitioner was given an opportunity to comment on the amount of fees shown in the supplemental itemization. Although counsel questioned all of the fees generally and certain amounts specifically, he informed the court that they were "just fighting over straws" and urged the court to enter a final order disposing of the case. The court amended its order of July 2, 1985, reducing the amount of attorney fees which petitioner had to pay to the objector from $9,325 to $8,525. Petitioner has appealed.

Petitioner contends that the award of attorney fees and expenses was inappropriate and excessive. We disagree.

Opinion

Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611) provides in pertinent part:

"Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal."

■ The purpose of section 2—611 is to prevent abuse of the judicial process by penalizing the litigant who brings vexatious or harassing actions based on false statements or brought without legal foundation. (*Farwell Construction Co. v. Ticktin* (1978), 59 Ill. App. 3d 954, 960, 376 N.E.2d 621.) Because the statute is penal in nature, it may be invoked only in cases falling strictly within its terms. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628.) The movant bears

the burden of proving that allegations or denials were untrue and that they were made without reasonable cause. (See *Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 366, 383 N.E.2d 185.) The application of this statute should be limited to cases where a party has abused his right of free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. (*Third Establishment, Inc. v. 1931 North Park Apartments* (1981), 93 Ill. App. 3d 234, 243, 417 N.E.2d 167.) The trial court's decision regarding the assessment of attorney fees is entitled to great weight, and a court of review will not disturb that determination unless there is a clear showing that the court abused its discretion. *Williams v. City of Chicago* (1977), 54 Ill. App. 3d 974, 979, 370 N.E.2d 119.

Paragraph four of the objector's motion for attorney fees and expenses recited: "On August 2, 1984, [petitioner] filed an application for [issuance of] a tax deed for the premises in question stating therein that he was the owner of said Certificate No. 4101 when, in fact, he was not." Although petitioner had assigned the certificate of purchase to Sladjan Stevanovich on March 7, 1984, he did not disclose this assignment in his application for a tax deed or in the affidavit submitted in support thereof. Petitioner attached to his application a photostatic copy of the certificate of purchase which did not reflect the assignment. In paragraph one of his affidavit petitioner averred that he was "duly authorized to make this Affidavit." Petitioner, however, requested issuance of a tax deed conveying the parcel of real estate to himself, not his assignee, and left blank that part of the affidavit form in which the assignment should have been indicated. The record clearly supports the trial court's finding that the affidavit implied that petitioner was the owner of the certificate of purchase at the time he applied for issuance for a tax deed. This representation, as the court's comments and award of fees and expenses indicate, was untrue and was made without reasonable cause.

Petitioner, however, argues that this representation does not give rise to any liability under section 2—611 because it was contained in an affidavit, not a pleading, and because section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 747) authorizes the filing of a petition for deed by either the purchaser or his assignee. We find no merit in either argument.

The courts have implied that a motion for fees and expenses under section 2—611 may be based on untrue statements made in an affidavit submitted in support of a pleading. (See *Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 385-86, 270 N.E.2d 558, and *King v. King* (1978), 57 Ill. App. 3d 423, 427, 373 N.E.2d 313.) This comports with the lan-

guage and intent of section 2—611. Although section 266 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 747) permits the purchaser of a certificate of purchase or his assignee to file a petition for a tax deed (see *Stanley v. The Bank of Marion* (1961), 23 Ill. 2d 414, 419, 178 N.E.2d 367), the applicant must be the owner of the certificate. (Ill. Rev. Stat. 1983, ch. 120, par. 716(a).) A tax deed may be issued only to the legal holder of the certificate of purchase, possession of which, properly endorsed, constitutes proof of such ownership. *Village of Morgan Park v. Knopf* (1904), 210 Ill. 453, 458-59, 71 N.E. 340.

■ Petitioner also argues that an award of fees and expenses under section 2—611 cannot be based upon the granting of a motion to dismiss. Both the language of the provision and the cases interpreting it indicate otherwise. (See *Pole Realty Co. v. Sorrells* (1981), 84 Ill. 2d. 178, 184-85, 417 N.E.2d 1297; *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 26, 466 N.E.2d 945; *Kostbade v. Telford* (1973), 13 Ill. App. 3d 961, 962-63, 301 N.E.2d 321; *Ready v. Ready* (1961), 33 Ill. App. 2d 145, 161-62, 178 N.E.2d 650.) The authority cited by petitioner, *Ascaridis v. Russis* (1979), 78 Ill. App. 3d 376, 397 N.E.2d 14, is inapposite as it concerned a voluntary dismissal.

■ Petitioner argues further that the trial court should not have entered an award under section 2—611 without an evidentiary hearing. Whether a hearing must be held to determine whether the assertions are untrue and made without reasonable cause depends upon the circumstances presented in each case. (*Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504, 472 N.E.2d 170.) A hearing is dictated when one is necessary to determine whether the two requirements of the section—that the offending allegations or denials were made without reasonable cause and found to be untrue—had been met. If the requirements can be proved or rebutted on the basis of the pleadings or the trial evidence, an additional hearing is not required. (*Grover v. Commonwealth Plaza Condominium Association* (1979), 76 Ill. App. 3d 500, 512, 394 N.E.2d 1273. See also *Launius v. Najman* (1984), 129 Ill. App. 3d 498, 504-05, 472 N.E.2d 170, and the cases cited therein.) In the case at bar, the pleadings on file conclusively established that petitioner's implication in his affidavit that he owned the certificate of purchase was untrue and was made without reasonable cause. No further hearing on these issues was required. See *Brokaw Hospital v. The Circuit Court of McLean County* (1972), 52 Ill. 2d 182, 185-86, 287 N.E.2d 472.

We cannot accept petitioner's attempt to minimize the significance of his nondisclosure of the assignment. It is apparent that petitioner's active concealment of the assignment was essential to the scheme of

the Stevanoviches to reacquire their property free and clear of accumulated real estate taxes, liens and judgments, in violation of section 235(a) of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 716a), which provides, in part, that "[n]o certificate of purchase shall be issued to any person who has not executed and delivered an affidavit to the County Clerk that such person has not bid upon any lot or tract of land at such a sale who is the party or the agent of the party who is responsible for the payment of the delinquent taxes." This scheme was set forth in detail in the verified amended objections to petitioner's application for the issuance of a tax deed which the objector filed on November 7, 1984, and in the affidavits the objector attached to his objections. Petitioner never answered the objections. Although he did file a motion to strike and dismiss the amended objections, petitioner has not included that motion in the record on appeal. Moreover, it would appear from a review of the argument on the motion that petitioner merely questioned the objector's standing. He did not otherwise challenge the amended objections or the affidavits presented in support thereof. The objections, therefore, must be deemed to have been admitted by petitioner.

■ We conclude that the objector was entitled to attorney fees and expenses under section 2—611 of the Code of Civil Procedure. Petitioner, however, argues that the amount of attorney fees awarded was excessive. In our judgment, petitioner has waived this argument. The objector filed his motion for attorney fees and expenses on March 15, 1985. In his written response, petitioner did not question the reasonableness of the attorney fees sought in the motion. The motion was argued on May 20, 1985. Although, prior to the hearing, counsel for petitioner had obtained voluminous documents from the objector's counsel relating to the motion for fees, he declined the court's offer to continue the case to respond further in writing and simply characterized the statement of time and services in the motion as "ridiculous." Petitioner did not challenge the amount of fees sought until 30 days after the court awarded $9,325 in attorney fees to the objector. Petitioner, however, had ample opportunity before the court order of July 2, 1985, in which to object to the amount and reasonableness of the attorney fees sought in the motion. He failed to do so, and we conclude that this argument has been waived. See generally *Ready v. Ready* (1961), 33 Ill. App. 2d 145, 162, 178 N.E.2d 650.

Affirmed.

JOHNSON and McMORROW, JJ., concur.