Nancy Ellen Grandys, Scott Thomas Grandys, a Minor, by His Father and Next Friend, Thomas W. Grandys and Thomas W. Grandys, Plaintiffs-Appellants, v. Spring Soft Water Conditioning Company, a Corporation, and Richard L. Morgan, Defendants-Appellees.

Gen. No. 68–67.

Second Judicial District.

November 26, 1968.

225

Herbert F. Stride, of Chicago, for appellants.

Corrigan, Mackay, Quetsch and O'Reilly, of Wheaton, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

The plaintiffs appeal from an order requiring the payment of One Hundred Fifty Dollars ($150) in attorneys' fees pursuant to a petition filed under section 41 of the Civil Practice Act, charging the joinder of "Spring Soft Water Conditioning Company, a corporation," as a defendant, and the willful refusal to dismiss after learning of the true facts, was in bad faith.

Plaintiffs had brought suit against "Spring Soft Water Conditioning Company, a corporation, and Richard L. Morgan," alleging that Morgan was an employee of the company and charging the negligent causing of a motor vehicle accident resulting in personal injuries on March 5th, 1965. Leonard J. Browark, d/b/a Spring Soft Water Conditioning Company, voluntarily filed an answer advising of his sole proprietorship status and denying that Morgan was its employee or agent on the date in ques-

tion. Thereafter, plaintiffs filed an amended complaint with substantially the same allegations except that a "willful and wanton" count was added. Morgan answered, also denying that the company was his employer or principal on the date of the occurrence.

Morgan's deposition was taken on December 1, 1966, and he testified that he was self-employed at the time of the occurrence as a salesman of building products for numerous companies, but that he did not deal in any products manufactured by Spring Soft Water Conditioning Company until some twenty-two days after the occurrence. Thereafter, on October 17th, 1967, Browark, d/b/a Spring Soft Water Conditioning Company, filed a motion for summary judgment of dismissal. This was not opposed by plaintiffs' attorney. At the same time the petition for attorneys' fees was filed and the order appealed from entered.

Plaintiffs urge that the award was not justified because Browark appeared voluntarily and plaintiffs made no further effort to join him formally which could have been considered to amount to bad faith. The failure to dismiss the complaint voluntarily against the company is explained on the basis of a concern for the consequences to the attorney of a voluntary dismissal if his judgment later proved erroneous. Plaintiffs argue that at the time of the joinder of the company in the complaint, Morgan was its agent or employee, and that the initial mistake was not evidence of bad faith.

Defendant argues that the award is justified by plaintiffs' failure to dismiss him after knowledge of the mistake, which caused him to incur the expense of defense.

We are of the opinion that the trial court acted within its proper discretion under the particular circumstances here.

Section 41 of the Civil Practice Act provides for the taxing of reasonable attorneys' fees for "allega-

227

tions . . . , made without reasonable cause and not in good faith, and found to be untrue."

 Section 41 is a remedial statute, one of its purposes being to prevent litigants from being subject to harassment by the bringing of actions against them, which by their nature are vexatious, based upon false statements, or brought without legal foundation. Ready v. Ready, 33 Ill App2d 145, 157, 162, 178 NE2d 650 (1962). Allowance of attorneys' fees under the statute is discretionary, but the trial court can only exercise such discretion when the record discloses evidence of bad faith on the part of the pleader. Year Investments, Inc. v. Joyce, 44 Ill App2d 367, 195 NE2d 367 (Abst pp 10–12) (1964). "Bad faith," includes the "asserting" of facts known to be untrue. Greengard v. Cooper, 78 Ill App2d 86, 90, 221 NE2d 775 (1966). The burden of proof is on petitioner to show that the statements are made without reasonable cause and not in good faith. Horween v. Dubner, 68 Ill App2d 309, 319, 216 NE2d 288 (1965).

It is not disputed that the allegations relating to the corporate status of the company and the employment status of Morgan are untrue. Plaintiffs continued to assert these allegations in the amended complaint after Browark's answer put them on notice that the company was a sole proprietorship and that Morgan's employment was denied; and the same allegations were allowed to remain even after the deposition of Morgan showed, with no evidence to the contrary in the record, that he was not an employee of the company at the time of the occurrence.

While plaintiffs would limit the "making" of allegations to the moment of joinder in its pleadings, under section 41, we do not so narrowly construe that section, keeping in mind its remedial purposes to protect a party who has been caused unnecessary expense in litigation. It is apparent that the status of the company could

have been determined by the most perfunctory investigation. The improper joinder of the company as a corporation in the amended complaint clearly could be properly found to have been made without reasonable cause and amounting to bad faith under the circumstances, particularly after plaintiff had been put on notice of the personal status of the company.

Even as to the allegations of the employment of Morgan, although the record does not affirmatively show that they were made in bad faith in the complaint and amended complaint, we construe them as continuing assertions which we consider also to have been "made" within the purview of section 41. When the deposition advised plaintiffs of the fact that Morgan was not, in fact, an agent or employee of the defendant company, and this was undisputed, it became incumbent upon the plaintiffs to discontinue the litigation as to the company or suffer the consequences by requiring the further defense of what then became vexatious litigation. From the continued assertion of the untrue facts, we can properly assume that the defendants were subjected to harassment and expense in bad faith under this record, and that the discretion of the trial court was properly exercised.

No objection has been made to the amount of the attorneys' fees allowed and no question of their reasonableness is before us.

Affirmed.

ABRAHAMSON, P. J. and DAVIS, J., concur.