Frank J. Schneider *et al.,* Plaintiffs and Counter-defendants, Appellees, *v.* Alphonsus A. Seibutis, Defendant and Counter-plaintiff, Appellant.

(No. 55321;

First District—January 4, 1972.

*Rehearing denied February 1, 1972.*

Alphonsus A. Seibutis, *pro se.*

McCarthy and Levin, of Chicago, for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This litigation involved an action on a check in the amount of $1,722.62 which was issued by the defendant and returned unpaid to plaintiffs by the drawee bank, and a counter-claim by defendant alleging breach of warranty by plaintiffs in the sale of certain residential property. The jury returned a verdict for plaintiffs on the check and against defendant on his counter-claim. Defendant appeals from judgments entered upon these verdicts.

The trial of the cause began on Thursday, March 19, 1970, on which date plaintiffs concluded their proofs and rested. Defendant's evidence in defense and in support of his counter-claim was to commence on Friday morning, March 20, 1970. In the evening of March 19, 1970, defendant personally served a subpoena which had been issued that day upon one John A. Pence in Lake County, Illinois, requiring him to appear and testify. When Mr. Pence failed to respond to the subpoena the next day, defendant advised the court that the witness would not appear because of illness. He requested a continuance until the following Monday and a bench warrant to compel the attendance of Mr. Pence at that time. Both requests were denied on the grounds that (a) the defendant had already been granted a number of continuances, (b) the trial had already commenced and the evidence on behalf of the plaintiff had been completed, and (c) the Clerk of the Circuit Court of Cook County had no authority to issue a subpoena to be served in Lake County, Illinois.

OPINION

In this appeal, defendant contends that the trial judge completely failed to exercise any discretion in refusing to compel attendanec of the witness on his behalf, that the only basis for the trial judge's refusal was

the erroneous supposition that his jurisdiction ended at the county line, and that his refusal was error as a result.

The record indicates that the court ruled on the defendant's motions. It denied both the request for a continuance and the request for a bench warrant. The denial of these motions was an exercise of discretion and therefore the contention that no discretion was exercised is without merit.

The trial court did not base its decision solely upon the supposition that it had no power to act. The court stated, in justification, that several delays had already been granted the defendant and that the trial was already underway. If these reasons, by themselves, justify the denial of the defendant's motions, the correctness of the jurisdictional ground is immaterial and need not be considered by this court.

The defendant's requests were, in effect, a motion to allow him to gather evidence material to the cause. Authority for granting such a motion is contained in Supreme Court Rule 231.[1] Section (a) of that rule provides:

"(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured."

Section (f) of the same rule is also applicable. It states:

"(f) Time for Motion. No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."

We can find no indication from the record before us that the defendant satisfied the requirement of Rule 231. In moving for the delay, defendant offered no evidence of due diligence on his part, but merely his oral assurance that his witness was ill at the time. It was apparent that the subpoena had not been issued and served until the previous day, and the motion was not presented until the trial had begun and the plaintiffs had concluded their case. In spite of the several continuances previously granted the defendant, there was no excuse offered for failing to subpoena the witness at a earlier date.

A motion for a continuance or for issuance of attachment to

---

[1] Ill. Rev. Stat., ch. 110A, par. 231.

compel the presence of a witness in a civil action is addressed to the sound discretion of the trial judge. (*Jones v. Goodfriend* (1944), 323 Ill.App. 284, 55 N.E.2d 293.) Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage. This is particularly true where previous continuances have been granted, both parties have declared themselves ready for trial, and the movant's opponent has concluded the presentation of his evidence. In this case, the defendant failed to justify his lack of timeliness in serving the subpoena or to properly present adequate reasons warranting a delay in the midst of trial.

Our review has not disclosed an abuse of discretion by the court below. Judgment is affirmed.

Judgment affirmed.

LEIGHTON and SCHWARTZ, JJ., concur.