Jacqueline Thomas, Plaintiff-Appellant, *v.* Daniel Thomas, Defendant-Appellee.

(Nos. 59653, 59761 cons.;

First District (1st Division)—November 4, 1974.

Marcia H. Zeidman and Samuel E. Hirsch, both of Chicago, for appellant.

Rosenberg & Kosin and Stuart Litwin, both of Chicago (Ellis B. Rosenzweig, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

Plaintiff appeals from an order entered by the circuit court of Cook County following proceedings enrolling an Indiana divorce decree in Illinois. The complaint was amended to include a request for increase in child support and reimbursement of medical expenses. The court entered an order changing custody and support arrangements of the parties' children. The court terminated child-support payments for the son of the parties, Mark, who had reached his majority, terminated support payments for the elder daughter, Wendy, who has since attained her majority, and placed her in the temporary custody of her father, the defendant. (The temporary-custody provision would become inoperative when Wendy reached her majority.) The court set support payments for the third child, Lynn, at $300 per month.

The defendant appeals from an order refusing to assess costs and fees against plaintiff pursuant to section 41 of the Civil Practice Act. The appeals have been consolidated. The court found that the defendant's petition was well-founded, but did not allow the defendant to recover costs and fees, citing plaintiff's inability to pay.

Defendant contests the trial court's subject-matter jurisdiction. The essence of defendant's contention is that an Indiana divorce decree should not have been enrolled in Illinois while the defendant was residing in Indiana in full compliance with the terms of the decree. Although the defendant withdrew his objection to the registration of the Indiana decree in order to proceed with the disposition of the case, he raises the issue on appeal.

The issues presented to us for review are: (1) whether the trial court had subject-matter jurisdiction over the plaintiff's position; (2) whether the trial court should have granted fees and costs to the defendant pursuant to section 41 of the Civil Practice Act; (3) whether it was an abuse of judicial discretion to deny plaintiff's request for a continuance

during the course of the bench trial on July 17, 1973; and (4) whether it was an abuse of judicial discretion to change the Indiana divorce decree from $600 to $300 per month for the support of the only child remaining in plaintiff's custody. Any question as to the court order transferring the custody of Wendy to her father is moot, as she has reached her majority.

■■ The purpose of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1973, ch. 77, par. 88 *et seq.*) is to enforce a foreign judgment against an errant party ignoring the provisions of the judgment. The defendant argues that since he was a known Indiana resident, complying fully with the terms of the Indiana decree, there was no need to "pursue" him with allegedly frivolous claims. Based on language found in *Reeves v. Reeves*, 131 Ill.App.2d 831, 267 N.E.2d 529, the defendant argues that if there is no showing of a need to enforce a foreign divorce decree then an Illinois court lacks subject-matter jurisdiction over a petition to register that decree.

■■ The defendant's reliance on the *Reeves* decision is misplaced. *Reeves* involved a situation where the plaintiff attempted to register a Canal Zone divorce decree, issued by a United States District Court, for the express purpose of modifying the visitation rights stipulated by the decree. In other words, the case did not simply involve a problem of enforcement, as the defendant argues. The primary purpose of the plaintiff's action in *Reeves* was to modify the decree without offering a proof of change in circumstances which related to the best interests of the child involved. This court in *Reeves* found that the Illinois policy of extending full faith and credit to foreign judgments would be subverted by the plaintiff's petition to register the Canal Zone decree for the express purpose of modifying it without proper cause. In upholding the trial court's refusal to register the Canal Zone decree, this court in *Reeves* reiterated our established policy of recognizing and enforcing divorce decrees of sister states. *Reeves v. Reeves*, 131 Ill.App.2d 831, 267 N.E.2d 529; *Faris v. Faris*, 35 Ill.2d 305, 220 N.E.2d 210.

■■ The plaintiff here did not seek to register the Indiana divorce decree for the purpose of modifying its terms. As a resident of Illinois, she brought her action to enforce, not to modify, the provisions of the decree which called for the payment of medical bills allegedly ignored by the defendant. Her action was clearly within the purview of the Uniform Enforcement of Foreign Judgments Act. The Indiana divorce decree was entitled to full faith and credit. Therefore, the plaintiff's action presented a proper justiciable matter over which the circuit court of Cook County, Illinois has jurisdiction. *Light v. Light*, 12 Ill.2d 502, 147 N.E.2d 34; Ill. Const., art VI, sec. 9.

■■ The second part of defendant's appeal relates to the recovery of fees and costs under section 41 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 41.) Section 41 is a remedial statute, one of its purposes being to prevent harassment resulting from untrue or unfounded allegations made in bad faith. (*Ready v. Ready*, 33 Ill.App.2d 145, 178 N.E.2d 650.) When the record discloses bad faith on the part of the pleader, the trial court may exercise discretion and award fees and costs to the other party. *Grandys v. Spring Soft Water Conditioning Co.*, 101 Ill.App.2d 225, 242 N.E.2d 454.

■■ Defendant argues that since the trial court found plaintiff's complaints for medical expenses frivolous and without reasonable foundation, fees and costs should have been awarded to him as a matter of law. Defendant's argument would construe section 41 to compel a trial court to award costs and fees upon the finding of bad faith. Such is not, however, the intent of the statute. Allowance of attorney's fees and costs is entirely discretionary. Section 41 does not mandate an award even if the trial court finds that the plaintiff's claims are frivolous and brought in bad faith. (See the Joint Committee Comments, S.H.A., ch. 110, par. 41 (1968).) Although the trial court found plaintiff's claims unreasonable, it denied a section 41 award to the defendant because the plaintiff had little or no assets from which to pay. It was entirely proper for the trial judge to exercise his discretion. We see no reason, and defendant gives us none, to believe that the trial judge's refusal to grant defendant section 41 costs and fees was an improper exercise of judicial discretion.

Plaintiff's first claim on her appeal is that the trial judge erred in denying her request for a continuance. Plaintiff's previous attorney withdrew from the case after serving notice of his intention to withdraw on July 5, 1973. The trial judge required plaintiff to appear in open court for a hearing on her attorney's motion to withdraw. Plaintiff did appear on July 12 and was advised by the trial judge that she should obtain counsel for the trial scheduled for July 17. The record indicates that the trial judge also advised the plaintiff to file for a continuance if she felt that more time would be needed to obtain counsel for trial. The plaintiff indicated that she would have counsel for the trial, and no continuance was requested. On the day of the trial, July 17, the defendant and his attorney, the parties' children, Mark's attorney, and two of defendant's witnesses, in response to subpoenas, appeared in court. It was during the course of the trial's proceedings, for the first time, that plaintiff requested a continuance because she lacked counsel.

Section 59 of the Civil Practice Act provides the rule for extension of time and continuances:

"On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment.

The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules." Ill. Rev. Stat. 1973, ch. 110, par. 59.

The applicable rules prescribed by the supreme court address the important consideration of when the motion for continuance is offered. Supreme Court Rule 231(f) provides:

"No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay." Ill. Rev. Stat. 1973, ch. 110A, par. 231(f).

The facts in this case clearly illustrate the reason for the reluctance to grant a continuance after a trial has commenced. The record indicates that the plaintiff had been given an opportunity to file for a continuance 5 days prior to the trial date. The fact that plaintiff lacked counsel during the trial could have been avoided by her own diligence in either securing a lawyer for trial, or requesting a continuance prior to the day of trial. The record demonstrates that the trial judge extended every courtesy permitted by our laws to the plaintiff. Once the parties and witnesses assembled for the trial proceedings, granting plaintiff's request would have caused great inconvenience to all of those gathered. Plaintiff could not give adequate reason why she lacked counsel, and we see no valid reason to disturb the trial judge's ruling. As stated in *Schneider v. Seibutis*, 3 Ill.App.3d 323, 326, 279 N.E.2d 37, good cause must be offered before a motion to continue during trial will be granted:

"Because of the potential inconvenience to the parties, the witnesses and the court, especially grave reasons for granting a delay must be given once a case has reached the trial stage."

It is well established that a motion for continuance, except where it is based on a statutory cause, is addressed to the sound discretion of the trial judge. The exercise of such discretion will not be interfered with by the appellate court unless there has been a manifest abuse of discretion or a palpable injustice. (*Condon v. Brockway*, 157 Ill. 90, 41 N.E. 634.) The record reveals no such result here. The order entered on the trial date terminated child support for a child who had reached his majority and was represented by his own attorney, transferred custody of the parties' elder daughter, who has since reached her majority, and adjusted the child-support payments to provide an adequate payment to plaintiff for the remaining child in her custody. The issue of reimbursement for medical expenses was not adjudicated until a second hearing when plaintiff appeared in court represented by counsel. Although ab-

sence of counsel is one factor to take into consideration in deciding on a motion to continue, it does not entitle a party to a continuance as a matter of right. (*Adcock v. Adcock*, 339 Ill.App. 543, 91 N.E.2d 99.) Plaintiff had ample opportunity to extend the time for trial in order to obtain counsel. We find that the denial of plaintiff's motion for a continuance, particularly where no prejudice resulted to the plaintiff, was a proper exercise of the trial judge's discretion.

The final question before us is whether it was an abuse of judicial discretion to change the Indiana divorce decree from $600 to $300 per month for the support of plaintiff's youngest daughter.

The record indicates that the trial judge approached the question of child support from all of the pleadings and evidence presented. The terms of the 1965 Indiana divorce decree were before the trial court. The plaintiff received a divorce settlement of $47,000 in addition to property and household furnishings. The plaintiff also received a grant of $50,000, payable monthly in 125 equal installments of $400, which the defendant is still paying. The defendant is obligated to provide all medical and dental expenses for the child remaining in plaintiff's custody. The court was also aware that the defendant is providing for the care and support of the elder daughter, who has reached her majority. Additionally, the defendant has agreed to provide college education expenses for the oldest son, Mark, who is emancipated.

The issue on a petition for modification of child-support payments is whether there has been a material change of circumstances since the entry of the original decree. (*Lewis v. Lewis*, 120 Ill.App.2d 263, 256 N.E.2d 660.) The findings and order of the trial court will not be reversed unless the level of child support is contrary to the manifest weight of the evidence. *Kelleher v. Kelleher*, 67 Ill.App.2d 410, 214 N.E. 2d 139.

■■ The record indicates that the modification of the decree was not arbitrary or capricious. The reduction of child-support payments was justified by the substantial change in circumstances. Two of plaintiff's children had reached majority and ceased to be under plaintiff's care and custody. Only the youngest daughter, Lynn, remains in the custody of the plaintiff. Defendant still has an obligation to provide for Lynn's medical and dental care. In light of these and the foregoing facts presented, we find that a reduction of child-support payments from $600 to $300 per month for the one child was not against the manifest weight of the evidence. Finding no reversible error, the judgment is affirmed.

Judgment affirmed.

EGAN, P. J., and GOLDBERG, J., concur.