SHIRLEY M. ROBBINS, Plaintiff-Appellant, Cross-Appellee, *v.* JAMES F. ROBBINS, Defendant-Appellee, Cross-Appellant.

Second District (1st Division)   No. 75-14

Opinion filed August 5, 1976.

James E. Daniels and Mack P. Manning, both of Chicago, for appellant.

Frederick D. Thompson, of Libertyville, for appellee.

Mr PRESIDING JUSTICE GUILD delivered the opinion of the court:
Defendant filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72) to vacate portions of a divorce decree relative to child support. Plaintiff then filed a petition for increased child support and for attorney's fees under section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41). The two petitions were consolidated for hearing. Immediately prior to the hearing defendant withdrew his section 72 petition. The trial court granted an increase in child support and denied the petition for attorney's fees. Both the plaintiff and the defendant have appealed. The plaintiff contends that the increase in support money was not sufficiently adequate in view of the evidence of defendant's earnings and that she should have been awarded attorney's fees for the defense of defendant's section 72 petition withdrawn by him prior to hearing. Defendant's cross-appeal alleges that no change in circumstance was proven that justified the trial court in increasing the support payments.

The defendant has filed a motion to strike plaintiff's appeal which we have taken with the case. The defendant alleges, first, that the plaintiff's brief violates Supreme Court Rule 341(e)(6) (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(6)), because it contains untrue statements, misstatements, argumentative statements in the statement of facts and material not contained in the record. A careful examination of the plaintiff's brief and the record reveals that most of the defendant's complaints are unfounded. We recognize that some facts, *i.e.*, that defendant's net income for 1971 was over $20,000 and that the plaintiff's oldest child from a previous marriage, for which she does not receive child support from the defendant, no longer lives with her, are dehors the record. However, we do not feel this is a proper ground for striking plaintiff's appeal. As we stated in *In re Annexation to the City of Darien* (1973), 16 Ill. App. 3d 140, 145, 304 N.E.2d 769, 773:

> "Furthermore, counsel for petitioners cannot supplement the record before us by unsupported statements in either his brief or argument."

We shall not consider these facts in reaching our decision.

Defendant's second allegation is that the document labeled "Excerpts from the Record," hereinafter "Excerpts," should be stricken for failure to conform with the requirements of Supreme Court Rule 342 (Ill. Rev. Stat. 1973, ch. 110A, par. 342(a), (d)). Defendant claims that the document fails

to comply with the requirements of the rule, either in form or manner and time of filing excerpts from the record. We do not agree with the defendant's contention that the "Excerpts" are improper in form or in manner. Furthermore, the dates stamped on the cover of the "Excerpts" and the plaintiff's brief clearly show that the document was filed within the proper time limits. Therefore, the motion of the defendant is denied.

On June 8, 1972, plaintiff was granted a decree of divorce and plaintiff was awarded sole custody of the two children of the marriage, subject to the defendant's visitation rights. Based upon the defendant's representation to the court that his net income per week was $210, the court ordered the defendant to pay to the plaintiff child support payments of $80 per week, to be allocated evenly between the children; and that "[t]o the extent that defendant's net income shall be materially higher than said amount [$210 per week], the plaintiff shall be given leave to petition this court for an appropriate adjustment in child support payments." Subsequent to the entry of the decree of divorce the plaintiff was required to petition the court on numerous occasions to enforce the child support payments as well as other provisions of the decree.

On May 22, 1973, the defendant filed the first of two section 72 petitions (Ill. Rev. Stat. 1973, ch. 110, par. 72), challenging various parts of the divorce decree. This petition was neither verified nor supported by affidavit. On June 15, 1973, upon plaintiff's motion, the court struck defendant's petition because of its improper form. On February 13, 1974, the defendant filed his second section 72 petition, this time alleging fraudulent concealment of the plaintiff's assets as grounds for vacating the defendant's financial obligations and property rights as enumerated in the divorce decree. This time the petition was verified and supported by affidavit. Plaintiff filed her answer and counteraffidavit on March 11, 1974, along with a petition for attorney's fees and costs, pursuant to section 41 of the Civil Practice Act, supra. On March 22, 1974, plaintiff also petitioned the court to modify the child support payments, alleging she discovered that the defendant's net income was materially higher than $210 per week, and for a rule to show cause against the defendant for failure to pay existing child support payments. On plaintiff's motion all of the above petitions and motions were consolidated for a hearing. At the hearing the court allowed the defendant to withdraw his second section 72 petition with prejudice; entered an order denying plaintiff's request for attorney's fees and costs; discharged the rule to show cause because the back child support payments had been paid; and modified the divorce decree as follows:

> "The defendant shall pay to the plaintiff the sum of $80 each week for the support of the two minor children of the parties and, in

addition, shall pay to the plaintiff at the end of each year forthwith an amount equal to 15% of the defendant's total net income for that year less $13,000 * * * ."

Two issues are presented for review, *viz.*, was the order increasing the support payments proper within the discretion of the trial court and was the order denying attorney's fees to the plaintiff for defense to defendant's section 72 petition, withdrawn before hearing, in error.

■■ It is well settled that upon application of a party the court has the power to modify child support orders of the divorce decree if changes in the conditions and circumstances of the parties render such modification necessary. (Ill. Rev. Stat. 1973, ch. 40, par. 19.) It is also well established that the alteration of an order respecting child support payments rests in the sound judicial discretion of the trial court, and unless the record shows an abuse of that discretion, such an order will generally not be disturbed on review. It is not the function of the reviewing court to substitute its judgment for that of the trial court unless such finding is clearly erroneous and against the manifest weight of the evidence. *Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256 N.E.2d 660.

Based upon defendant's representation that his net earnings at the time of the divorce were about $10,900, the judge at that time ordered the defendant to pay $80 per week for the support of the two minors. The undisputed evidence at the hearing on the consolidated motions and petitions was that the defendant's yearly net income was materially higher than what he had represented, *i.e.*, several thousand dollars for both 1972 and 1973. This misrepresentation occurred through a sin of omission when the defendant failed to inform the court about his year-end commission. Defendant takes a $210 per week draw against his earned commission to pay his weekly expenses and receives a year-end check for the balance of his commission earned. Furthermore, plaintiff introduced evidence at the hearing on her petition to modify the child support payments that her expenses for maintaining a home and the care, feeding and clothing of the two children was approximately $172.80 per week. The defendant's child support payments supplied $80 per week. The trial court order modified the child support payments by increasing them by 15% of the defendant's net income greater than $13,000 per year. We find this to be neither an abuse of the trial court's discretion nor against the manifest weight of the evidence. Rather, we find this to be a reasonable and just adjustment. Therefore, the order of the trial court modifying the defendant's child support payments is affirmed.

■■ We turn then to the plaintiff's contention that the trial court erred in not awarding her attorney's fees under section 41 of the Civil Practice Act. The basis for seeking attorney's fees was that defendant's section 72

petition was not made in good faith, untrue and without reasonable cause. She points out specifically that after the filing of the second section 72 petition by defendant, and on the date of hearing of the petitions of both plaintiff and defendant, that the defendant thereupon withdrew his section 72 petition upon leave of court and with prejudice. Under the facts of this case, we find that plaintiff's request for attorney's fees was properly included in her answer to the defendant's section 72 petition.

Section 41 provides:

"Allegations and denials, made without reasonable cause and not in good faith, and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleadings, together with a reasonable attorney's fee, to be summarily taxed by the court at the trial."

The leading case interpreting this section is *Ready v. Ready* (1961), 33 Ill. App. 2d 145, 161, 178 N.E.2d 650, 658. The court in that case held:

"Section 41 is an attempt of the legislature to penalize the litigant who pleads frivolous or false matters or brings a suit without any basis in law and thereby puts the burden on his opponent to expend money for an attorney to make a defense against the untenable suit."

That court then noted:

"If the court should hold that such suits could be brought one after the other and if the plaintiff dismissed his suit or suffered an involuntary nonsuit before trial the sanction of section 41 would not apply, it would nullify the purpose of the statute." 33 Ill. App. 2d 145, 161, 178 N.E.2d 650, 658.

■■ However, section 41 gives the trial court discretion in allowing attorney's fees and costs when the record discloses evidence of pleading untrue allegations without reasonable cause and in bad faith by the other party. (*Grandys v. Spring Soft Water Conditioning Co.* (1968), 101 Ill. App. 2d 225, 242 N.E.2d 454.) This section does not mandate an award even if the trial court finds that the plaintiff's claims are frivolous and brought in bad faith. *Thomas v. Thomas* (1974), 23 Ill. App. 3d 936, 321 N.E.2d 159.

In the case at hand the record is incomplete as to when the defendant actually gained knowledge that his allegations of plaintiff's fraudulent concealment of assets were in fact untrue. We will not substitute our opinion for that of the trial judge, who was in a far better position to determine, in his discretion, whether defendant's section 72 petition was not made in good faith and known by him to be untrue.

We, therefore, affirm the order of the trial court modifying the divorce

decree as to support payments for the minor children and we further affirm the order of the trial court in its order denying plaintiff expenses and attorney's fees.

Affirmed.

SEIDENFELD and HALLETT, JJ., concur.