CARMA LYNN HUME BOYER, Plaintiff-Appellant, *v.* JOHN CARL BOYER, Defendant-Appellee.

Fifth District   No. 76-553

Opinion filed January 23, 1978.

Gerald J. McGivern, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, for appellant.

Paul E. Riley, of Mudge, Riley & Lucco, of Edwardsville, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by plaintiff, Carma Boyer, from an order entered by the circuit court of Madison County dismissing the action upon a finding that the court lacked *in personam* jurisdiction over the nonresident defendant, John Carl Boyer.

On December 15, 1971, plaintiff and defendant were divorced pursuant to a Georgia divorce decree which awarded custody of the parties' two minor children to plaintiff and visitation rights to defendant. The decree further required defendant to pay plaintiff alimony and child support in accordance with a written agreement between the parties which was attached to the decree. Subsequent to the divorce plaintiff and the two minor children moved to Illinois and have since resided in this State for three years prior to bringing the instant action. Defendant remained in, and is presently a resident of, the State of Georgia. On September 14, 1976, plaintiff brought the instant action in the lower court on a "complaint to establish and enroll [a] decree of divorce from the State of Georgia and for other relief." The complaint alleges that defendant was

three months in arrears on his obligation to make child support payments amounting to $660 and that he was also three months in arrears on alimony payments amounting to $315. It further alleges that there exists certain changes in circumstances requiring a modification in the child support payments and the visitation rights provided for in the Georgia divorce decree. With regard to child support, plaintiff charges that defendant is gainfully employed and is now earning more money than he was at the time of the divorce; that plaintiff has had to expend more to clothe, feed and house the minor children; that the cost of living generally has increased; and that the children are in need of psychological testing and counseling. With regard to visitation rights, plaintiff charges that in April 1976 defendant refused to return the children from Georgia following a visitation period thus requiring plaintiff to bring legal proceedings in Georgia to cause their return; that in May 1976 defendant attempted to entice the children to go to Georgia, in contravention of the provisions of the divorce decree; and that plaintiff has not the funds to pay for transportation costs to and from Georgia for purposes of visitation and that the decree makes no provision for such costs. The complaint requests that the court establish the Georgia decree as an Illinois judgment; enter an order requiring defendant to pay the alimony and child support arrearages; order defendant to pay an increased amount of child support and to pay for all medical costs of the children; and finally order defendant to pay all transportation costs of visitation and to post bond to secure their return from such visitation.

Defendant was served with a summons and a copy of the complaint in Meriwether County, Georgia. He appeared specially, filing a motion to challenge the jurisdiction of the court and to quash the service of process. Following a hearing, the court granted defendant's motion and dismissed the complaint upon the findings that:

"(1) The defendant is not now in the State of Illinois;

(2) The defendant has not submitted to the jurisdiction of the State of Illinois;

(3) There is no 'in personam' jurisdiction over the defendant in Illinois;

(4) That the 'Long Arm' statute by its own terms does not apply;

(5) That any service over the defendant by virtue of the case is illegal and improper;

(6) That there exists no other factors which confer jurisdiction to the Illinois Courts over John Carl Boyer."

In this appeal, as in the court below, defendant does not dispute the jurisdictional facts alleged in the complaint (see *Nelson v. Miller*, 11 Ill. 2d 378, 394, 143 N.E.2d 673), nor is the validity of sections 16 and 17 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 16, 17) questioned.

Rather, at issue is whether section 17(1)(b) provides for jurisdiction under the facts of this cause.

Section 16 of the Civil Practice Act provides that personal service of summons may be made upon any party outside the State and that as to nonresidents who have submitted to the jurisdiction of our courts, such service has the force and effect of personal service within this State. Section 17(1)(b) further provides that a nonresident submits to the jurisdiction of our courts "as to any cause of action arising from * * * [t]he commission of a tortious act within this State."

■■■ On appeal plaintiff contends that defendant committed "tortious" acts within the meaning of the statute and he thereby submitted himself to the jurisdiction of our courts. Defendant responds by contending that no such acts were committed "within this State" and consequently the prerequisite minimum contact between Illinois and him supporting the exertion of jurisdiction *in personam* as provided in the statute does not exist.

In *Nelson v. Miller*, 11 Ill. 2d 378, 384, 143 N.E.2d 673, 676, the court stated:

> "The foundations of jurisdiction include the interest that a State has in providing redress in its own courts against persons who inflict injuries upon, or otherwise incur obligations to, those within the ambit of the State's legitimate protective policy. The limits on the exercise of jurisdiction are not 'mechanical ·or quantitative' [citation] but are to be found only in the requirement that the provisions made for this purpose must be fair and reasonable in the circumstances * * *."

Sections 16 and 17 of the Civil Practice Act have been held to reflect a conscious purpose by the legislature to assert personal jurisdiction over nonresident defendants to the extent permitted by the requirements of due process. (*Nelson v. Miller*, 11 Ill. 2d 378, 389, 143 N.E.2d 673, 679; *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill. 2d 432, 176 N.E.2d 761.) In *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158, the court stated that:

> "* * * due process requires only that in order to subject a defendant to a judgment in personam, if he is not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." (See also *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569.)

The commission of a tortious act itself within this State as provided by section 17(1)(b) constitutes a minimum contact with the State upon which *in personam* jurisdiction may properly be invoked. (*Gray v. American Radiator & Standard Sanitary Corp.*) We must therefore determine

whether this provision contemplates any of the conduct of defendant herein.

In *Poindexter v. Willis*, 87 Ill. App. 2d 213, 231 N.E.2d 1, the plaintiff brought a paternity action against a nonresident defendant who was personally served in the State of Ohio. The defendant's challenge to the court's *in personam* jurisdiction over him failed and following trial, judgment was entered requiring him to pay for the expenses incurred in the birth of the child and to pay for the child's support and maintenance. The judgment was based on the Illinois Paternity Act of 1957 which imposes a duty upon the father of a child born out of wedlock, whose paternity is established, to support the child. On appeal to this court, at issue was whether a tortious act had been committed.

Adopting the language quoted from *Nelson v. Miller* and from *Gray v. American Radiator* in *Poindexter* (87 Ill. App. 2d 213, 217, 231 N.E.2d 1, 3) we held that:

> "* * * the word 'tortious' as used in section 17(1)(b) of said Act is not restricted to the technical definition of a tort, but includes any act committed in this state which involves a breach of duty to another and makes the one committing the act liable to respondent in damages. Therefore, in our opinion, the failure of the father to support an illegitimate child constitutes a tortious act within the meaning of the statute and subjects him to the jurisdiction of the Illinois courts * * *." (87 Ill. App. 2d 213, 217-218, 231 N.E.2d 1, 3. See also *Donlon v. Miller*, 42 Ill. App. 3d 64, 355 N.E.2d 195.)

We note that the Ohio court subsequently extended full faith and credit to the Illinois judgment in *Poindexter. Poindexter v. Willis* (1970), 23 Ohio Misc. 199, 256 N.E.2d 254.

In contrast, in *Mroczynski v. McGrath*, 34 Ill. 2d 451, 216 N.E.2d 137, the court affirmed the dismissal of the cause for lack of *in personam* jurisdiction. In that case the plaintiff's father and mother were divorced and subsequently the father took up residence in Minnesota where he remained until his death. The action was brought against the executor of his father's estate based upon the plaintiff's suffering as a result of the divorce due to a claimed denial by the father of unstinted financial aid, parental affection, care, comfort, companionship and guidance. The court noted that the obligations of the father to the plaintiff had been fixed by the divorce decree. The action, however, was not based on the father's support liability under the decree. Finding that a child cannot maintain an action against a parent based on the breakup of the family unit and its attendant results and that the suffering of a child as a result of a divorce is not compensable in damages, the court held that none of the father's acts complained of constituted tortious acts within the meaning of section 17(1)(b).

Comparing *Poindexter* and *McGrath* it can be seen that in the former case, the nonresident defendant's conduct involved the breach of a duty to support making him liable in damages and thus his conduct was held to be tortious within the meaning of the statute, whereas in the latter case, the father's conduct involved no breach of a lawful duty which could be compensable in damages and thus it was held not tortious for purposes of jurisdiction.

■■ Turning to the case at bar, we find that under *Poindexter*, defendant's failure to have paid child support and alimony, as was his duty pursuant to the Georgia divorce decree, constituted tortious conduct within the meaning of section 17(1)(b). The breach of the court ordered duty is compensable in damages and the Georgia decree which created the duty is entitled to be enforced in Illinois courts. (*Light v. Light*, 12 Ill. 2d 502, 147 N.E.2d 34; *Reeves v. Reeves*, 131 Ill. App. 2d 831, 267 N.E.2d 529; *Thomas v. Thomas*, 23 Ill. App. 3d 936, 321 N.E.2d 159.) Under the reasoning expressed in *Poindexter*, we can draw no distinction between a duty to support arising by operation of statute as in *Poindexter*, and one created by judicial decree as in the case at bar. Defendant, however, contends that *Poindexter* is distinguishable because there the act giving rise to liability, and the nexus between the defendant and the State, was the defendant's act of sexual intercourse with the plaintiff in Illinois whereas in the instant case, defendant committed no act in Illinois in failing to pay child support and alimony. We disagree.

In *Poindexter*, we found the jurisdictional fact supporting an *in personam* judgment against the defendant was not the act of sexual intercourse committed in this State but rather the defendant's failure to support the illegitimate child. Implicit in *Poindexter* is the proposition that this tortious act occurred in Illinois, not in Ohio. In *Gray v. American Radiator & Standard Sanitary Corp.*, the defendant negligently constructed a safety valve for a water heater which subsequently exploded injuring the plaintiff. The place of manufacture was outside of Illinois and only the explosion occurred within this State. On this basis, the defendant contended that the "tortious act" as distinct from its consequences, was not committed in Illinois. The court rejected this view stating:

> "To be tortious an act must cause injury. The concept of injury is an inseparable part of the phrase. * * * To adopt the criteria urged by defendant would tend to promote litigation over extraneous issues concerning the elements of a tort and the territorial incidence of each, whereas the test should be concerned more with those substantial elements of convenience and justice presumably contemplated by the legislature." (22 Ill. 2d 432, 436, 176 N.E.2d 761, 763.)

So too, in the case at bar, defendant's contention that his acts should be viewed separate from the resultant injury, must fail. The plaintiff and the two minor children are residents of Illinois and had been such for three years prior to bringing the instant action. They could be supported pursuant to the divorce decree in no other State because they resided in no other State. Defendant's tortious acts, that is, his failure to pay alimony and child support, were committed in Illinois because here the breach of the duty to pay was consummated, the injury occurred and the consequences of that breach were felt.

■■ This finding is consonant with the purpose of section 17 of the Civil Practice Act to make jurisdiction over nonresident defendants coterminous with the requirements of due process. We see no inconsistency between this application and due process. It is undisputed that defendant's rights to notice of the action and an opportunity to be heard have been observed. Under section 17(1)(b), defendant's failure to pay alimony and child support to Illinois residents itself constitutes a sufficient minimum contact with this State upon which *in personam* jurisdiction can be predicated. It is clear that this State has a significant interest in seeing that defendant pay alimony and child support to its residents since otherwise it may bear the burden of providing for the welfare of plaintiff and the children if defendant's obligations to so pay are not met. Further we find it not unreasonable that plaintiff, who claims the arrearages, be given relief in this State while defendant, who it is claimed failed to make the payments, be put to the expense of defending in this State. Accordingly, we hold that the lower court erred in finding that it lacked *in personam* jurisdiction over defendant with respect to the cause of action for arrearages in alimony and child support.

■■ ■ The same, however, cannot be concluded with respect to plaintiff's claim for modification of the divorce decree. Plaintiff's complaint seeks an order increasing the amount of child support to be paid by defendant, requiring defendant to pay the transportation costs of visitation, and requiring him to post bond securing the return of the children from visitation. On appeal, plaintiff relies on *Reeves v. Reeves*, 131 Ill. App. 2d 831, 267 N.E.2d 529, and *Thomas v. Thomas*, 23 Ill. App. 3d 936, 321 N.E.2d 159, for the proposition that an Illinois court may properly entertain a petition to modify a foreign divorce decree where such is incidental to an action to enforce the decree and where a substantial change of circumstances is alleged. Plaintiff's reliance on *Reeves* and *Thomas*, however, is misplaced since those cases concerned subject matter jurisdiction of the courts, whereas in the instant case at issue is a question of *in personam* jurisdiction. Implicit in plaintiff's argument is the presumption that once having invoked *in personam* jurisdiction over defendant for one portion of the complaint, such

jurisdiction is thereby obtained for all other matters raised therein. Such does not necessarily follow. Plaintiff's action for the arrearages of alimony and child support arose from specific tortious acts consummated in Illinois upon which, pursuant to section 17(1)(b), jurisdiction *in personam* is predicated. The requested modification of the divorce decree is not based upon these same acts. Section 17(3) of the Civil Practice Act provides:

> "Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section." (Ill. Rev. Stat. 1975, ch. 110, par. 17(3).)

The purpose of section 17(3) is to insure that there is a close relationship between a nonresident defendant's jurisdictional acts and the cause of action against which he must defend. (*Koplin v. Thomas, Haab & Botts*, 73 Ill. App. 2d 242, 219 N.E.2d 646.) Plaintiff's claim for modification of the divorce decree is unrelated to defendant's tortious failure to pay alimony and child support. Rather, in seeking an increase in child support, plaintiff alleges that defendant is gainfully employed and is earning more money now than at the time of the divorce; that her costs to clothe, feed and house the children as well as her costs generally have increased; and that the children are in need of psychological testing and counseling. None of these allegations amount to the commission of tortious acts by defendant under the meaning of *Poindexter*, nor do they establish a voluntary minimum contact by defendant with this State as a prerequisite to the exertion of jurisdiction over defendant. Despite the trend toward expanding the concept of jurisdiction, the due process requirements of a nexus among (1) the forum, (2) the defendant, and (3) the subject matter of the litigation, cannot be ignored. (*Hanson v. Denckla* (1958), 357 U.S. 235, 2 L. Ed. 2d 1283, 78 S. Ct. 1228; *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569.) Unlike plaintiff's claim for back alimony and child support based upon defendant's own tortious acts within this State, the only connection between defendant and this State with regard to an increase in child support arises from the unilateral act of plaintiff in moving herself and her children to this State. We do not here consider what effect, if any, defendant's consent to the removal of the children from Georgia and to Illinois may have on this aspect since the record is silent as to any such consent. However, we find no authority to support a proposition that the mere fact that defendant's children are Illinois residents itself affords a minimum contact between defendant and the State. While we do not minimize the interest of this State in the welfare of the children, we do not find under the circumstances of this case that such is sufficiently substantial to warrant the exertion of jurisdiction over defendant. Plaintiff's complaint contains merely the bare

allegation that defendant earns more money and that the costs of providing for the children have increased.

■■■ Equally, we find that the exertion of jurisdiction over defendant on plaintiff's claim to modify defendant's visitation rights to be untenable. Plaintiff contends that defendant's acts in entering this State and attempting to induce his children to move to Georgia with him, constituted a tortious act. Such is unpersuasive. Even were we to assume *arguendo* that such constituted a tortious act under the reasoning of *Poindexter*, the act was no more than an unsuccessful attempt. Nor do we find, as plaintiff asserts, that defendant's refusal to return the children following a visitation period constitutes a jurisdictional act by which defendant submitted to the jurisdiction of Illinois. Consequently, we find no error in the lower court's dismissal of that portion of the complaint seeking a modification of the Georgia divorce decree.

For the foregoing reasons, we affirm that portion of the order of the circuit court of Madison County dismissing plaintiff's action to modify the divorce decree, and we reverse that portion of the order dismissing plaintiff's action to enroll and enforce the divorce decree for certain arrearages in alimony and child support.

Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.

CARTER and G. J. MORAN, JJ., concur.